GEORGE W. WARE *et al.*

*v.*

THE CITY OF JERSEYVILLE.

*Filed at Springfield October 14, 1895.*

1. CONTINUANCE—*on ground that attorney is attending legislature.* A continuance of proceedings for the special taxation of lands for a street improvement, asked upon an affidavit containing all the statutory requirements, upon the ground of the absence of the attorney of the land owners attending upon the General Assembly as a member, should be granted.

2. PUBLIC IMPROVEMENTS—*committee's report must show cost of levying and collecting tax.* Failure of the report of a committee appointed under an ordinance for a street improvement to show an estimate of the cost of levying and collecting the special tax imposed, is fatal to the proceedings.

3. SAME—*special tax for street improvement must be uniform.* A special tax in proportion to frontage, for a street improvement, must charge each piece of land in the proportion its front bears to that of all the land abutting on the line of improvement, for its share of the entire cost of the improvement.

APPEAL from the County Court of Jersey county; the Hon. ALLEN M. SLATTEN, Judge, presiding.

THOMAS F. FERNS, for appellants:

The county court erred in overruling appellant's motion for a continuance. *Railway Co.* v. *Teters*, 68 Ill. 144; *Wicker* v. *Boynton*, 83 id. 545; Hurd's Stat. 1893, sec. 46, chap. 110.

Where the tax is to be "in proportion to frontage," the amount of the whole work is to be ascertained, and each lot charged in the proportion its front bears to that of all the lots. *Davis* v. *Litchfield*, 145 Ill. 313.

EDWARD J. VAUGHN, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

The city of Jerseyville, on June 20, 1894, passed an ordinance ordering the grading and paving of State and Pearl streets, in said city, the cost thereof to be paid for by special taxation of the real estate, lots, parts of lots and tracts of land abutting upon the line of the said streets, respectively, within the limits to be improved, to be in proportion to the frontage thereof upon the said streets, respectively, the cost and expense of making surveys and the full amount of the cost of paving of street intersections and crossings to be paid for by general taxation. The committee appointed under the ordinance to make an estimate, etc., made its report to the city council. The council approved the report. Thereafter the city presented its petition to the county court of Jersey county, praying, etc. That court appointed commissioners to levy and assess the special taxes mentioned in the above ordinance, who, on December 24, 1894, filed their report and assessment roll. At the February term, 1895, of said court, the appellants herein—owners of certain of the lands sought to be taxed—made and filed their motion for a continuance of the cause, on the ground that their sole attorney was a member of and in actual attendance upon the General Assembly then in session at Springfield,—which motion was supported by affidavit.

The court denied the motion, and ordered all of the defendants to file their objections to the confirmation of the assessment roll by the ensuing 11th day of February. On that day the appellants filed their objections, covering, among others, the points hereinafter noted, and renewed their motion for a continuance, supported by a new and similar affidavit. The motion was denied. The court thereupon entered an order overruling all of the said objections except objection No. 10, and ordered a jury impaneled to try the issue raised by that objection. The jury rendered a verdict in favor of the city. The court, after overruling the appellant's motion for a new hearing, entered an order confirming the assessment roll. To all and singular of the said rulings of the court the appellants duly excepted. From the judgment of the county court an appeal to this court was perfected.

There are several reasons why the judgment of the court below should be reversed:

*First*—The continuance asked by the appellants should have been allowed. The affidavit in support of the motion was sworn to by one of the appellants, and set forth that the attendance of their attorney in court was necessary to a fair and proper trial of the cause, and contained all the requirements of the statute. Starr & Curtis' Stat. secs. 46, 47, chap. 110, p. 1811; *St. Louis and Southeastern Railway Co.* v. *Teters,* 68 Ill. 144; *Wicker* v. *Boynton,* 83 id. 545; *Chicago Public Stock Exchange* v. *McClaughry,* 148 id. 372.

*Second*—The report of the committee appointed under the ordinance contained no estimate of "the cost of levying and collecting the special tax," which estimate the committee were required by the ordinance and by the law to make and report to the city council. Starr & Curtis' Stat. sec. 20, art. 9, chap. 24.

*Third*—The assessment roll returned by the commissioners shows that they did not apportion and assess the amount of special tax against each piece of land along the line of improvement, according to the proportion its

frontage bears to the entire frontage thereon, as they were required by the ordinance to do, but followed some different rule. Measured according to the rule prescribed by the ordinance, we find that the taxes assessed against the different pieces of land are not in proportion to the frontage said pieces of land bear, respectively, to the entire frontage on the line of improvement, but that they are unequal, some pieces of property being assessed at one rate and others at other rates. The tax must be uniform, and where it is to be in proportion to frontage, the entire cost of the improvement for which the assessment is to be made should be ascertained, and each piece of land charged in the proportion its front bears to that of all the land abutting on the line of the improvement. *Davis* v. *City of Litchfield,* 145 Ill. 313.

For the errors indicated herein the judgment is reversed.

*Judgment reversed.*