## GERALD BELL v. STATE.

No. A-9319.   Jan. 28, 1938.
(75 P. 2d 1157.)

Con Long and Homer Bishop, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was by information jointly charged with Joe Irvine with possession of intoxicating liquors, with the willful and unlawful intent to sell, give away, or otherwise furnish, contrary to law. He was tried separately, convicted and sentenced to pay a fine of $250, and to be confined in the county jail for 90 days, from which judgment and sentence the defendant has appealed.

It is not deemed necessary to consider the evidence in this case for the reason that when the case was called for trial the attorney representing the defendant, Con

Long, filed a motion for a continuance, which is as follows:

"Comes now the defendant and moves the court to continue the trial of the above-entitled cause now set for the 14th day of December, 1936, for the reason that Con Long, attorney of record for the defendant, Gerald Bell, is serving as a member of the Legislature of the State of Oklahoma, now in session, and that he has been unable to prepare this case for trial."

This motion was supported by a statement from Homer Bishop, a member of the Bar of Seminole county, as to Con Long being the defendant's attorney, and that Mr. Long had telephoned back and forth to him, and sent the motion for continuance down to be filed which is set out in this opinion. Joe Irvine had employed Mr. Long to defend the defendant and himself.

The defendant was placed on the stand and testified that he did not have enough money to pay a lawyer, but testified he went with Mr. Irvine to Mr. Long's office and Irvine hired Mr. Long to defend them; that he himself did not hire Mr. Long.

It is not disputed by the state that Mr. Long represented the two defendants named in this information, and that Joe Irvine had employed Mr. Long to defend Gerald Bell and himself.

The motion for a continuance on the ground that his attorney of record, who was employed prior to the convening of the Legislature, and who was a member of the Legislature, was denied, and the defendant was forced to trial, resulting in a conviction. The motion for continuance was denied and the defendant reserved an exception.

Section 1, of the Session Laws 1935, c. 2, art. 1, found on page 2, 12 Okla. St. Ann. § 667, in part is as follows:

"The court may, for good cause shown, continue an action at any stage of the proceedings upon terms as may be just; provided, that if a party or his attorney of record is serving as a member of the Legislature or the Senate, sitting as a court of impeachment, or within ten days after an adjournment of a session of the Legislature, such fact shall constitute cause for continuance of the case, and all motions, demurrers and preliminary matters to be heard by the court, the refusal to grant which shall constitute error, and entitle such party to a new trial as a matter of right."

The defendant has set out several grounds of error, but it is only necessary for this court to consider one question for the purpose of determining the issues in the case.

The facts in the case appear to be that the defendant was charged with the offense on the 29th day of August, 1936; and shortly thereafter one of the defendants informed against in this case hired Con Long to defend the defendant and himself; that the attorney was hired to defend the parties prior to the convening of the Legislature, and it is undenied by the state that when the motion for continuance was filed on the ground that Con Long was a member of the Legislature, the Legislature was in session.

In support of his motion, Homer Bishop, an attorney and member of the bar of Seminole county, in open court when the motion for continuance was filed, stated to the court the reason why the attorney for the defendant, Con Long, was not present.

Under the provisions of section 1, Session Laws 1935, supra, it is mandatory on the court to grant a continu-

ance when it is made to appear to the court that Con Long had been employed prior to the convening of the Legislature; and that at the time set for the trial of said cause said Long was in attendance of a session of the Legislature. The purpose of this statute is to encourage members of the bar to become candidates for the law-making body of the state, and for the further purpose to protect a defendant whose attorney is familiar with his case and could not attend his trial for the reason of official duty; and for the further purpose of protecting members in their business while serving, the state in this capacity by permitting trials to be continued during the session of the Legislature and for ten days thereafter; that during the attorneys' service they should not be disturbed in their duties as lawmakers. The privilege of the continuance applies to the defendant whose attorney of record is a member of the Legislature. Upon the facts presented in this case which were undisputed by the state, the defendant's application entitled him to a continuance as a matter of law, and it was reversible error for the trial court to refuse such continuance.

Other errors are assigned by the defendant, but the view we take of this record, it is not necessary to pass upon them. Where one is charged with a crime, he is entitled to a speedy trial and it is the duty of the court to see that the case is tried as soon as convenient, but, under the laws of this state, members of the Legislature who have been employed to defend men charged with a crime prior to the convening of the Legislature are entitled to the benefit of that statute, and upon a showing made the case should be continued until the session of the Legislature has closed and for ten days thereafter.

For the reasons stated, this case is reversed and re-

428

manded, with directions to proceed in the case in accordance with this opinion.

DOYLE and BAREFOOT, JJ., concur.