STATE v. HARVE MYERS, Appellant.—No. 38703.—179 S. W. (2d) 72.

Division Two, February 7, 1944.

Rehearing Denied, April 3, 1944.

736

*Wayne T. Walker* for appellant.

*Roy McKittrick,* Attorney General, and *Aubrey R. Hammett, Jr.,* Assistant Attorney General, for respondent.

WESTHUES, C.—Harve Myers was convicted on a charge of burglary and larceny and sentenced to imprisonment in the penitentiary for a term of two years for the burglary and two years for the larceny, the sentences to run concurrently. He duly appealed.

The prosecution originated in Webster county, Missouri. On a change of venue the case was transferred to Wright county, Missouri, where it was set for trial at the February, 1943, term. It appears from the record that Wayne T. Walker, an attorney at Springfield, Missouri, was the only lawyer representing appellant up to the time the change of venue was granted. On February 20, 1943, appellant filed in the circuit court of Wright county an application for a continuance on the ground that Charles Farrar, a practicing lawyer living in Dallas county, Missouri, was representing him and was a

member of the state legislature which was then in session. Appellant stated in his affidavit that Mr. Farrar was in actual attendance at the legislature and could not be present at the trial. An affidavit of Charles Farrar was filed with the application stating in substance the same as was stated in appellant's affidavit. The prosecuting attorney filed a counter affidavit and the trial court also heard oral evidence on the motion to continue, this on the theory of determining whether appellant would be prejudiced by the absence of Mr. Farrar in the event a trial was had. The trial court found that he would not be prejudiced and therefore denied the motion to continue. A trial was had on February 23, resulting in a conviction. of appellant as above stated. It appeared from the affidavit of the prosecuting attorney that he received a letter from Mr. Farrar on February 19, advising him that he was representing appellant.

The state in its brief seeks to justify the ruling of the trial court on the ground that the application and affidavits filed in support thereof were not in proper form. Section 1089, Mo. Rev. St. (1939), Mo. R. S. A., reads as follows:

"In all suits at law or in equity or in criminal cases pending in any court of this state at any time when the general assembly is in session, it shall be a sufficient cause for a continuance if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney, solicitor or counsel of such party is a member of either house of the general assembly, and in actual attendance on the session of the same, and that the attendance of such party, attorney, solicitor or counsel is necessary to a fair and proper trial or other proceeding in such suit; and on the filing of such affidavit the court shall continue such suit and any and all motions or other proceedings therein, of every kind and nature, including the taking of depositions, and thereupon no trial or other proceedings of any kind or nature shall be had therein until the adjournment of the general assembly, nor for ten days thereafter. Such affidavit shall be sufficient, if made at any time during the session of the general assembly, showing that at the time of making the same such party, attorney, solicitor or counsel is in actual attendance upon such session of the general assembly."

Appellant's application and affidavit for continuance read as follows:

"Harvey Meyers, being sworn on his oath says that he is the defendant in the above case, and that he has employed Charles Farrar a practicing attorney as his attorney to defend said suit, and further states under said oath that his said attorney, Charles Farrar is now a member of the general assembly of the state of Missouri, and that the said general assembly is now in session and that the said Charles Farrar is actually attending the sessions of same, and that the presence of his said attorney, Charles Farrar at the trial of this cause is

necessary in order that justice may be done, wherefore he prays the court to continue this cause until such time as the said Charles Farrar can appear and represent him in the trial of this cause.''

The affidavit of Charles Farrar in substance stated that he was a member of the legislature which was in session and that he was in actual attendance at the session thereof and could not attend court in Wright county until after adjournment of the legislature; that he had been employed to represent appellant and defend him on a felony charge. The state also contends that the order of the trial court disclosed that it did not appear to the court that the attendance of Mr. Farrar was necessary to a fair and proper trial. We are of the opinion that our statute does not permit the trial court to decide that question. Note that it says, ''and on the filing of such affidavit the court shall continue such suit . . . '' This question was before the Springfield Court of Appeals in the case of State v. Clark, 262 S. W. 413, 214 Mo. App. 536. The court there reviewed the history of this section and made the following observation:

''We have not been able to find where this section has been construed, but the character of the amendment of 1913 is plain. The Legislature evidently intended to make it mandatory upon the trial court to grant a continuance when a proper affidavit was filed under what is now section 1388, R. S. 1919. Counter affidavits have no place under this section. This section provides that if it shall appear to the court *by affidavit* that '*any* attorney . . . of such party is a member of either house of the General Assembly, and in actual attendance on the session of the same, and that the attendance of such . . . attorney . . . is necessary to a fair and proper trial,' then the court *shall* continue. All of this appeared *by affidavit,* and the trial court had no discretion.''

If a defendant has the means to employ counsel he has the right to be represented by a lawyer of his own choosing. The trial court in this case seemed to be of the opinion that Mr. Farrar's presence was not necessary. However, it will be noted that Mr. Farrar was employed after the change of venue was granted and the case transferred to Wright county and at a time when the legislature was in session. Appellant may have deemed it advisable to employ Farrar as he may have thought Farrar was better acquainted with the Wright county situation than was the attorney he had previously employed. It is a common practice for litigants to employ additional counsel after a change of venue has been granted and the cause transferred to another county. Therefore, who is going to decide as to whether Mr. Farrar's presence was necessary, the court or appellant who employed the lawyer? It seems to us the statute has answered that question and has directed trial courts to postpone the trial of cases in which an application is filed and supported by affidavit as was

done in this case. We find the following in 22 C. J. S., pages 747, 748, sec. 484:

"*Absence for legislative duties; statutory provisions.* In the absence of contrary statute, it is within the discretion of the trial court to deny a continuance asked on the ground of counsel's absence to attend a legislative body of which he is a member. Where, however, there are statutes providing for continuance of cases where an attorney is in attendance on his duties as a member of the state legislature, and where the case falls within the purview of such a statute, it has been held mandatory on the court to grant a continuance, although where such employment is begun while the legislature is in session it has been held discretionary with the court whether or not to grant a continuance."

Oklahoma has a statute somewhat similar to ours. The question was considered by the Oklahoma courts in the following cases: Bell v. State, 75 Pac. (2d) 1157; Holloway v. State, 255 Pac. 1022; Irvine v. State, 80 Pac. (2d) 599; Gilroy v. State, 80 Pac. (2d) 602. The Oklahoma courts seem to hold that if an attorney who is a member of the legislature is employed before the convening of the legislature and a continuance is requested it must be granted, but if the employment is made after the legislature has convened then the granting of a continuance lies within the discretion of the trial court. Our statute, section 1089, supra, does not permit such an interpretation. We cannot write an exception into the statute. The Oklahoma cases revealed that the employment of the legislative members was made solely for the purpose of obtaining a continuance. The record in the case before us does not authorize such a conclusion and therefore that question is not before us. The trial court in this case did not refuse the continuance on that theory. From the questions asked by the trial court during the examination it seems to us that the continuance was refused because the court deemed the defendant to be amply represented by other counsel. We hold that the trial court erred in denying the motion to continue.

Now as to the proper form of the affidavit. The state contends that the affidavit and application do not follow the statute in that the statute reads, ". . . and that the attendance of such party, attorney, solicitor or counsel *is necessary to a fair and proper trial* . . .", and the affidavit of appellant states, "and that the presence of his said attorney, Charles Farrar, at the trial of this cause *is necessary in order that justice may be done.*" The italics are ours and designate the part of the affidavit that is questioned. We are of the opinion that the wording of the affidavit is substantially the same as that of the statute. The result of a fair and proper trial is justice. If justice be done in a trial then the trial is fair and proper. We hold the affidavit and application sufficient.

▇ Appellant also insists that the evidence was insufficient to support the verdict of guilty. To this we cannot agree. Since the case must be retried we need not make a detailed statement. In substance the evidence was that a school house had been broken into and numerous articles taken therefrom. The school house was visited on August 28, 1942, and the articles in question were present. About three days later it was found that the place had been burglarized and the articles in ▇ question were missing. A state highway patrolman stopped appellant on the night of August 29 or 30, while he was driving a car on highway 66, toward Springfield, Missouri. An examination of his car disclosed that he had in his possession a number of the articles taken from the school house. Two wrecking bars found in defendant's car fit the imprints on the window frame of the school house which had been forced open. We think we have detailed enough evidence to demonstrate that appellant's assignment is without merit. Other errors assigned pertain to matters that may not recur on another trial.

Because of the error of the trial court in refusing appellant's request for a continuance the judgment is reversed and the cause remanded for retrial. *Bohling, C.,* concurs in result; *Barrett, C.,* concurs.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.

## ON MOTION FOR REHEARING.

PER CURIAM: ▇—Respondent filed a motion for rehearing wherein it is asserted that we overlooked the principal point briefed by respondent, that is, that the ''affidavits for continuance cannot merely state conclusions, but must state facts in support of a continuance.'' We did not overlook the point, but confess that our opinion could be so understood. The cases cited in support of respondent's contention are cases dealing mostly with the change of venue statute, sec. 4019, Rev. St. Mo. (1939), Mo. R. S. A. See State v. Hancock, 320 Mo. 254, 7 S. W. (2d) 275 and State v. London, 84 S. W. (2d) 915. In those cases this court ruled that under the statute the affidavits in support of the application for change of venue must state the facts upon which the affiant based his conclusion that the defendant could not have a fair trial in the county where prosecution was pending. Respondent then argues that the affidavit in support of an application for continuance, under sec. 1089, Rev. St. Mo. (1939), Mo. R. S. A., which authorizes a continuance if the defendant's attorney is a member of the legislature and is in attendance at its session, must contain facts and not mere conclusions. The particular point urged by respondent is that the statement in the affidavit, that the presence of the attorney is neces-

sary to a fair and proper trial, is a mere conclusion and the affidavit must contain facts which support that conclusion. The statute under consideration has a dual purpose, that of protecting the business of an attorney or a person engaged in some other business while serving in the legislature, thereby encouraging good men to sacrifice their time in the interest of good government; and that of protecting a party to a suit whose attorney may be serving in the legislature. In Bell v. State, 75 Pac. (2d) 1157, l. c. 1158 (1), the Oklahoma Criminal Court of Appeals said:

"The purpose of this statute is to encourage members of the bar to become candidates for the lawmaking body of the state, . . . and for the further purpose of protecting members in their business while serving the state in this capacity by permitting trials to be continued during the session of the Legislature. . . ."

The Springfield Court of Appeals made the following comment in State v. Clark, 214 Mo. App. 536, 262 S. W. 413, l. c. 414:

"We think this statute is a wholesome one. It is well known that any attorney must to some extent sacrifice his practice to serve as a member of the Legislature. The reason for the mandatory character of this statute is apparent, and our comment could not make it more wholesome." Our new code, which is to be in force in 1945, contains a similar section with a slight modification. See Laws 1943, page 383, sec. 96.

We do not think the cases cited, construing the change of venue statute, are controlling, because the purpose of the statute under consideration is materially different from the change of venue statute. We think respondent has overlooked the latter portion of sec. 1089, supra, which reads as follows:

"Such affidavit shall be sufficient, if made at any time during the session of the general assembly, showing that at the time of making the same *such party, attorney, solicitor or counsel is in actual attendance upon such session of the general assembly.*" (Italics ours.)

The legislature, by that language, has prescribed what facts are to be stated in the affidavit. The affidavit in this case stated that the attorney for the defendant was a member of the legislature and in actual attendance upon its sessions. Those were facts and not conclusions. The affidavit further alleged that the presence of the attorney at the trial was necessary in order that justice might be done. The latter statement was a conclusion, but the legislature has prescribed what shall constitute a sufficient affidavit and the one filed in this case met those requirements and was therefore sufficient.

The motion for rehearing is overruled.