CIPRIAN MORA ET AL V. HONORABLE BRYCE FERGUSON, DISTRICT JUDGE.

No. A-1133. Decided February 12, 1947.
(199 S. W., 2d Series, 759.)

*Rogers Kelley*, pro se, of Edinburg, *L. Hamilton Lowe*, of Austin, *Cantey, Hanger, McMahon, McKnight & Johnson*, and *Carlisle Cravens* and *Gillis A. Johnson*, all of Fort Worth, for relator.

*Bryce Ferguson*, pro se, of Edinburg for respondent.

MR. JUSTICE BREWSTER delivered the opinion of the Court.

This is an original petition for writs of mandamus and prohibition filed by Ciprian Mora and Senator Rogers Kelley, relators, against Hon. Bryce Ferguson, District Judge of the 92nd Judicial District of Texas, respondent.

About December 6, 1945, Mora was arrested on accusation of rape, and was duly indicted therefor in Judge Ferguson's court on March 1, 1946. Upon his arrest Mora retained Relator Kelley, a member of the State Bar of Texas, to represent him, and Kelley has since continued as Mora's sole counsel. Kelley was at the time of his employment State Senator for the 27th Senatorial District of Texas; he has continued in that office since his employment and is now serving as a member of the 50th

Legislature of the State of Texas, which convened on January, 14, 1947.

After his indictment Mora was released on bond, but his case was not set for trial at either the March or May terms of Judge Ferguson's court. At the September term state and defense counsel agreed to a setting for October 28, 1946, but no formal setting was made by the court. Later it was discovered that the agreed date would come in vacation, wherupon the case was passed to December 9, 1946, with consent of the court. On or about December 1 the case was reset for December 16, at the request of Senator Kelley, to permit him to look after matters pending in another court during the week of December 9. After December 16 and 17 had been consumed in the consideration of motions to quash the indictment and for continuance on account of the absence of defense witnesses, Judge Ferguson granted Mora's motion for continuance which, relators allege, "was based upon the absence of material witnesses." In his answer respondent says that while he was giving consideration to Mora's motions the near approach of Christmas and New Year was "looming larger and larger" in the court's mind together with the annoyance and inconvenience that a trial so near to Christmas would occasion the venire, the jurors and the public; that while he was considering Mora's motion for continuance on the account of absent witnesses, Mora filed a supplemental motion for continuance on the ground of "the proximity of Christmas and New Year holidays and the inconvenience of the jurors; and thereupon Respondent indicated his purpose to continue said cause by reason of such exigencies, but at the same time making it clear to the defendant and his counsel that the court was overruling their contentions concerning the absence * * witnesses, and that the continuance was being granted since the defendant was requesting it." According to relator's petition, "At the time of the granting of such motion, in open court, and while Respondent was on the bench, he stated that the case would be set for trial January 6, 1947, the first day of the present term of said court, and further stated that he would not entertain any motion for continuance based upon the provisions of Article 2168a, and stated to petitioners that when the case was called for trial on January 6, 1947, he was going to force them to trial, 'statute or no statute.'" According to respondent's answer, "Before entering such order for continuance as requested to the January Term, respondent reminded the defendant's counsel, Rogers Kelley, that at most there was but a few days available in said January Term before the convening of the Legislature and reminding said attorney that he

was then and would continue to be a member of the Senate and of such Legislature and asked him if he was in earnest and in good faith asking that the case be put off until the January Term rather than tried in the December Terms, and Senator Kelley stated to the court that he had nothing to say and refused to make any statement concerning such matters, and when the court asked him if he really had in mind that the case should be continued to some time past the session of the Legislature he again refused to make any commitment or statement with respect to his intentions or desires in that particular."

When his case was called on January 6, 1947, Mora filed a motion asking the court "to continue this cause until ten days after the adjournment of the next regular session of the Legislature which convenes on January 14, 1947, in conformity with the mandatory provisions of Article 2168A, Revised Civil Statutes of Texas." In support of his motion he made affidavit that Senator Kelley was the sole and only attorney employed by him, "that he is financially unable to employ other counsel even if he wanted to, which he does not," and that "he has at all times relied solely upon said attorney to defend him in this cause, and will continue to do so," and that since his attorney would be in attendance upon the sessions of the Legislature on and after January 14, 1947, not to continue his case as prayed would be to deprive him of the benefit of counsel in violation of the Constitution.

In their petition filed in this court on January 7, 1947, relators allege that Mora's motion had been that day overruled by respondent, despite the terms of Art. 2168a, supra; that respondent "thereupon ordered petitioners to proceed to trial in said cause, and unless restrained by this Honorable Court, will force petitioner Mora to stand trial irrespective of whether or not he is represented by counsel of his own choice, and will force petitioner Kelley either to abandon his client in the midst of the trial of a capital case, or absent himself from his duties as a member of the Legislature of this State."

Upon that petition, this court entered an order staying any further proceedings in Mora's case in Judge Ferguson's court until this cause could be determined.

In his answer filed in this court on January 17, respondent says that since "the Legislative Session has begun, respondent has no idea or intention of calling up said case for trial until

after adjournment of the Legislative Session, but at the time at which the criminal case pending before the respondent was set for trial on the 6th day of January, it then appeared that there remained ample time in which in the normal course of events to conclude said trial before the Legislative Session would begin; and it appeared that whatever inconvenience might result to defendant's counsel by reason of the near approach of the Legislative Session was one which he was inviting by reason of his request for a continuance from the December 16th setting upon the ground of inconvenience to all parties concerned by reason of the proximity of the Christmas and New Year Holidays." He contends that these circumstances constituted a waiver and estoppel against relators to urge the statute as a ground for continuance on January 6. Then respondent urges that if Art. 2168a, supra, undertakes to impose upon the judicial branch of the government any rule of procedure different from the ordinary rule of waiver and estoppel, it constitutes an unwarranted invasion by the Legislature of the functions of the judiciary. He asserts, also, that the statute in question is unconstitutional in that it undertakes to add to the privileges and immunities given members of the Legislature by express constitutional provision.

Art. 2168a, Vernon's Annotated Civil Statutes, being Acts 1929, 41st. Leg., p. 17, ch. 7, sec. 1, as amended by Acts 1941, 47th. Leg., p. 69, ch, 56, sec. 1, is as follows:

"Attendance on Legislature. In all suits, either civil or criminal, or in matters of probate, pending in any court of this State at any time within ten (10) days of a date when the Legislature is to be in session, or at any time the Legislature is in session, it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a member of either branch of the Legislature, and will be or is in actual attendance on a session of the same. Where a party to any cause is a member of the Legislature, his affidavit need not be corroborated. On the filing of such affidavit, the court shall continue the cause until ten (10) days after the adjournment of the Legislature, and such affidavit shall be proof of the necessity for such continuance, and such continuance shall be deemed one of right and shall not be charged against the party receiving such continuance upon any subsequent application for continuance. It is hereby declared to be the intention of the Legislature that the provisions of this section shall be deemed mandatory and not discretionary."

Prior to its amendment in 1941, this statute was materially different in that under the Act of 1929 (41st Leg., p. 17, ch. 7, sec. 1) it was provided that membership of, and attendance upon, the Legislature by a party or his attorney was *sufficient ground* for continuance, if it should appear to the court that the presence of such party or attorney was *necessary to a fair and proper trial* of the case; and such facts were not ground for continuance under any circumstances during the ten-day period immediately preceding the convening of a legislative session.

It was under the Act of 1929 that our Court of Criminal Appeals rendered its opinions in Davis v. State, 120 Texas Crim. Rep. 330, 49 S. W. (2d) 805; Burton v. State, 29 Texas Crim. Rep. 234, 86 S. W. (2d) 768, and Burkhart v. State, 114 Texas Crim. Rep. 462, 26 S. W. (2d) 238. In the Davis case it appeared that the accused had been represented by an able firm of lawyers at other trials of the case had when the Legislature was not in session, and that the lawyer for whose absence in attendance upon a session of the Legislature a continuance was being sought was not then of counsel. In that situation and with his original lawyers still appearing for the accused, the court held that the granting of a motion for continuance on account of the absence of the new attorney was a matter addressed to the sound discretion of the trial court, which the appellate court would review in the absence of a showing of probable injury to the defendant. In the Burton case the motion was based on the fact that one of Burton's lawyers was a member of the Legislature, which had adjourned a called session less than ten days prior to the time the case was called for trial. Because it appeared that Burton had other counsel, the Court of Criminal Appeals held that the motion was addressed to the sound discretion of the trial court and that no abuse of that discretion appeared, citing the Davis case, supra. In the Burkhart case it was held that the accused's motion for continuance because one of his lawyers was in attendance upon a session of the Legislature was insufficient when the accused's affidavit in support of it did not aver that the lawyer's presence at the trial was "necessary to a fair and proper trial."

It was because of these decisions that the Legislature in 1941 (Acts 47th Leg., R. S., ch. 56, p. 69, sec. 1) amended the statute to eliminate the language that membership of, and attendance upon, a legislative session by a party or his attorney should be "sufficient ground" for a continuance when his presence in court appeared "necessary to a fair and proper trial of the case" and to make it *mandatory* that the case be continued from ten days

before a legislative session until ten days after its adjournment when it is shown in the manner therein prescribed that either a party or his attorney is a member of the Legislature and "will be" or "is" in actual attendance upon a legislative session. This is made perfectly clear by the language of the emergency clause, sec. 2, wherein it is recited, "* * * the fact that the courts have construed the present law providing for continuance to be discretionary and not mandatory creates an emergency and an imperative public necessity," following the last sentence of Section 1, which reads: "It is hereby declared to be the intention of the Legislature that the provisions of this section shall be deemed mandatory and not discretionary."

The highest courts in other jurisdictions have declared similar enactments mandatory. Under the statutes of Missouri it is provided that if it shall appear to the court by affidavit that *any* attorney is a member of either house of the General Assembly and is in actual attendance thereon and that his presence in court is *necessary to a fair and proper trial,* the court *shall* continue the case. The Supreme Court of that state held that it is immaterial that the statute used the phrase "necessary to a fair and proper trial," a mere conclusion when appearing in an affidavit, because it had further provided that "such affidavit shall be sufficient, if made at any time during the session of the General Assembly, showing that at the time of making the same *such party, attorney, solicitor or counsel is in actual attendance upon such session of the General Assembly."* State v. Myers, 352 Mo. 735, 179 S. W. (2d) 72. And that court issued a writ of prohibition against a circuit judge from proceeding to trial of a case over a motion for continuance which in all respects complied with the statute, holding that the circuit court had no authority to make any finding that the counsel in question was employed for the purpose of obtaining a continuance. State ex rel. Snip v. Thatch, Judge, Mo. 195 S. W. (2d) 106.

The statutes of Oklahoma provide that if a party or his attorney of record is serving as a member of the Legislature, or within ten days after an adjournment of a session of the Legislature, such fact shall constitute cause for continuance of the case. The Criminal Court of Appeals of that state held that the statute made it mandatory on the trial court to grant a continuance when it appeared that the movant's attorney had been employed prior to the convening of the Legislature and was at the time attending its session. Bell v. State, 63 Okla. Crim. 424, 75 Pac. (2d) 1157.

Similar statutes have been held mandatory by the courts of other states, e. g., California, in Bottoms v. Superior Court, 82 Cal. App. 764, 256 Pac., 422; Louisiana, in State v. Parker et al, 141 La. 705, 80 So., 258, in which the Supreme Court of that state holds that the absence of leading counsel for the accused because of legislative duties was "peremptory" ground for continuance; Arkansas, in Fisher v. State, 206 Ark., 177, 174 S. W. (2d) 446; Illinois, in Ware v. City of Jerseyville, 158 Ill., 234, 41 N. E., 736; Virginia, in Hudgins v. Hall, 183 Va., 577, 32 S. E. (2d) 715, wherein the statute of that state is declared to be "peremptory."

■ We think these authorities fully support the statement in 22 C. J. S., sec. 484, p. 747, that "where, however, there are statutes providing for continuance of cases where an attorney is in attendance on his duties as a member of the state legislature, and where the case falls within the purview of such a statute, it has been held mandatory on the court to grant a continuance."

It being undisputed that Senator Kelley had been Mora's sole counsel since Mora was first arrested, we think it was respondent's mandatory duty to grant Mora's motion for continuance on January 6, 1946, that being within 10 days of the convening of the 50th Legislature. The broad public policy which supports Art. 2168a, supra, and the construction we here give it has been well stated by a district court of appeals of California in construing a like statute of that state, in Bottoms v. Superior Court, supra, in these words:

"The purpose of the provision of section 1054 of the Code of Civil Procedure is obvious. It will readily be conceded that there is no activity connected with and essential to the preservation and maintenance of the social fabric of greater importance than that of the functioning of the legislative department of a state. In exercising and administering that branch of the sovereign powers of a state that is appropriated to it by the people, in a government such as ours, in which the sovereign powers are divided into and assigned to three different, distinct, and independent departments, the Legislature is required to deal with the most sacred of human rights—rights which directly affect the life, the liberty and the property of the citizen. The members of that body therefore, must give constant and uniterrupted attention to their duties as such while it is in session lest there be either advertently or inadvertently bad legislation put over or good laws repealed, the effect of which would necessarily be to work, for the time, irreparable damage to the state. But

these propositions are well understood and their soundness will be conceded, since it cannot possibly be doubted that the members of the Legislature, particularly such members as may belong to the legal profession and engaged actively in the practice thereof, should be relieved by the law from concerning themselves with extraneous matters or interests not pertaining to their legislative duties while they are in attendance on sessions of the Legislature and actually prosecuting their duties as such. On the other hand, the suggestion may be ventured, significant in the present connection, that a practicing lawyer deals with a science involving the most abstruse learning, in its remedial and procedural as well as its substantive branch, and in conserving or preserving, or protecting or defending the rights of his clients when such rights are questioned in the judicial tribunals, the demand for his undivided attention to those causes is as necessary or imperative as in the demand upon the duties of a member of the Legislature."

Moreover, it is to the public interest that worthy and qualified citizens from all walks of life be encouraged to offer for legislative service. That interest would not be served as to members of the legal profession if it should appear that they will be forced to surrended much of their law practice in exchange for the meager compensation paid for service as a member of the legislature. State v. Clark, 214 Mo. Ct. of App. 536, 262 S. W., 413; Bell v. State, 63 Okla. Ct. Cr. App., 75 Pac. (2d) 1157.

Since it thus promotes the public interest and welfare, the statute is not invalid as enlarging the legislator's constitutional privileges and immunities.

■ We do not regard the circumstances attending the continuance on December 18 on account of the nearness of Christmas as constituting any waiver or estoppel against relators to move for continuance on January 6. We think the court very commendably continued the case on December 18 out of consideration for jurors, witnesses, court officials and others interested, yet the fact remains that he did not have to do it; the matter was addressed to his discretion. Moreover, respondent says in his answer that Senator Kelley then made no statement or commitment with respect to the latter's intention or desires regarding a continuance on January 6, 1947, when told by the court that no motion for continuance under the provisions of Art. 2168a would then be entertained. We see no element of waiver or estoppel in that.

Since under the facts it was the mandatory duty of respondent to continue Mora's case until some date at least ten days later than the date of the adjournment of the 50th Legislature, his intention not to call the case for trial "until after adjournment of the Legislative Session" does not accord relators the full relief to which they are entitled. We are confident respondent will enter an appropriate order in conformity with this opinion without the issuance of any writ. Accordingly, no writ will issue for twenty days; but if at the expiration of that time an order has not been entered continuing Mora's case to some date later than ten days after the adjournment of the 50th Legislature, the writs will issue in all respects as prayed by relators.

Opinion delivered February 12, 1947.