FLOTIE KING and TOMMY KING V. STATE

No. 27,168.  December 1, 1954

*Charles Lieck, Jr.,* San Antonio, and *McDaniel and Hunt,* by *Richard E. McDaniel,* Center, for appellant.

*Zed Bridges,* County Attorney, Center, and *Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellants were jointly tried and convicted for murder with malice. Appellant Flotie King was assessed a penalty of 10 years and appellant Tommy King was assessed a penalty of 12 years.

In view of the disposition we make of this case, a summary of the facts will be omitted.

Appellants sought a continuance on the ground that one of their attorneys was a member of the legislature and then in attendance on a session of such legislature.

This application for a continuance is based upon Art. 2168a, Vernon's Ann. C.S., as amended in 1949, which provides

"In all suits, either civil or criminal, or in matters of probate, pending in any court of this State at any time within thirty (30) days of a date when the Legislature is to be in Session, or at any time the Legislature is in Session, it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a Member of either branch of the Legislature, and will be or is in actual attendance on a Session of the same. Where a party to any cause is a Member of the Legislature, his affidavit need not be corroborated. On the filing of such affidavit, the court shall continue the cause until thirty (30) days after the adjournment of the Legislature and such affidavit shall be proof of the necessity for such continuance, and such continuance shall be deemed one of right and shall not be charged against the party receiving such continuance upon any subsequent application for continuance. It is hereby declared to be the intention of the Legislature that the provisions of this Section shall be deemed mandatory and not discretionary."

Said application set forth the necessary facts and was supported by the affidavit of appellants and their attorney, who was then in attendance on a session of the legislature.

The Texas Supreme Court, in 1947, had before it for construction and interpretation Art. 2168a, Vernon's Ann. C.S., as amended in 1941, which was the same as the present statute except that said statute provided for a continuance if within 10 days, instead of 30 days, before and after a session of the legislature. In passing on an application for continuance upon the ground that the appellant's attorney was in attendance on the legislature, which was then in session, the Texas Supreme Court held that under the facts there presented the granting of the continuance was mandatory. Mora v. Ferguson, 145 Texas 498, 199 S.W. 2d 759.

This court has said that where a statute is of a nature that might be construed in one court as well as in the other it appears that respect will be given to the decision of the court which gives the first interpretation. Redman v. State, 67 Texas Cr. R. 374, 149 S.W. 670; 11 Texas Jur. 853, Sec. 104.

The decisions of other jurisdictions construing a similar statute under similar facts hold that a continuance should be granted. State v. Myers, 352 Mo. 735, 179 S.W. 2d 72; Bell v. State, 55 Okla. Cr. 439, 75 P. 2d 1157; Brooks v. Pan American Loan Co., 65 So. 2d 481 (Fla.) ; Bottoms v. Superior Court, 82 Cal. App. 764, 256 P. 422; Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372, 36 N.E. 88; and 22 C.J.S., 747 Sec. 484.

The evidence heard by the trial court on the application for a continuance in this case fully supports his finding that the application was a clear abuse of the privilege by one entitled to claim it under said statute; however, we are constrained to hold that, under the terms of the statute and the application setting forth the necessary requirements, the trial court was not authorized to overrule the motion because of such finding, and the continuance should have been granted.

The judgment of the trial court is reversed and the cause remanded.

Opinion approved by the court.