Ex parte Thomas Sewell BROWDER.

No. 36103.

Court of Criminal Appeals of Texas.

Dec. 4, 1963.

King & Smith, by T. D. Smith, Houston, William T. Moore, Bryan, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Joe C. Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Alaska.

On March 7, 1963, appellant filed his petition for writ of habeas corpus in Criminal District Court No. 3, Harris County, in which he sought his release from custody of Honorable C. V. (Buster) Kern, sheriff of Harris County, who was then holding him under and by virtue of an executive warrant issued by the governor of this state, authorizing his arrest, delivery, and return to the State of Alaska to answer a charge of embezzlement.

The writ of habeas corpus was issued by Honorable Miron A. Love, judge of said court, and made returnable on March 22, 1963.

On March 22, 1963, the return day, an application for continuance, under Art. 2168a, Vernon's Ann.Civ.St., was filed on behalf of the appellant by William T. Moore, one of the attorneys who filed the application for the writ, he being a state senator.

An order was entered by Judge Love denying the application for continuance, to which action of the court appellant duly excepted.

The court then proceeded to hear and consider appellant's petition for habeas corpus, and at the conclusion of the hearing denied the same and remanded appellant to custody.

From such action and order of the court, appellant brings this appeal.

Art. 2168a, supra, requiring a court to continue a cause where a party or his attorney is a member of the legislature is recognized by the courts to be mandatory. Mora v. Ferguson, 145 Tex. 498, 199 S.W.2d 759; King v. State, 169 Tex.Cr.R. 556, 273 S.W.2d 72, 49 A.L.R.2d 1071.

A habeas corpus proceeding is, in our opinion, a suit, within the contemplation of Art. 2168a, supra.

In reversing the judgment for the court's failure to continue the case, we observe that the allegations of the indictment upon which the demand for extradition was based substantially charged appellant with the crime and were, contrary to his contention, sufficient to support the demand for his extradition to Alaska.

For the error of the court in refusing to continue the case, the judgment is reversed and the cause is remanded.

Opinion approved by the court.