**Thomas T. DAVIS et al., Relators,**

**v.**

**Eva BARNES, Judge of Domestic Relations Court No. I et al., Respondents.**

**No. B–82.**

Supreme Court of Texas.

March 22, 1967.

Joe Shannon, Jr., Fort Worth, R. Temple Dickson, Sweetwater, for relator.

Clyde & Hines, Fort Worth, for respondent.

WALKER, Justice.

This is an original mandamus proceeding. Relators contend that the writ should issue to enforce their right to a mandatory legislative continuance under the provisions of Article 2168a, Vernon's Ann.Tex.Civ.Stat.[1] We hold that on the facts of this case relators are not entitled to the relief they seek here.

The Honorable Eva Barnes, respondent, is Judge of the Domestic Relations Court No. 1 of Tarrant County. Thomas T. Davis, relator, is defendant in a divorce proceeding pending in that court, and one of his attorneys in the divorce action is the Honorable Joe Shannon, Jr., relator, who is a member of the House of Representatives of the 60th Legislature. The divorce case was set for trial on December 30, 1966. This was less than thirty days prior to the convening of the regular session of

---

1. "In all suits, either civil or criminal, or in matters of probate, pending in any court of this State at any time within thirty (30) days of a date when the Legislature is to be in Session, or at any time the Legislature is in Session, it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a Member of either branch of the Legislature, and will be or is in actual attendance on a Session of the same. * * * On the filing of such affidavit, the court shall continue the cause until thirty (30) days after the adjournment of the Legislature * * *. It is hereby declared to be the intention of the Legislature that the provisions of this Section shall be deemed mandatory and not discretionary."

the 60th Legislature, and on December 28, 1966, relators filed their verified motion for a legislative continuance. The motion was orally overruled, and the divorce action was tried on December 30th. Thereafter on February 2, 1967, Judge Barnes signed a judgment overruling the motion for continuance, granting a divorce to the plaintiff, and dividing the community property of the parties.

Relators then presented to us their petition for a writ of mandamus. We granted leave to file and set the mandamus proceeding for oral argument on February 15, 1967. Relators also filed a motion for new trial in the divorce action. This motion was granted by order entered on February 6, 1967, which recites that the court erred in overruling the motion for continuance and in entering judgment. According to the allegations of the amended petition for mandamus, however, Judge Barnes refused to enter an order affirmatively continuing the divorce case until 30 days after adjournment of the Legislature.

The granting of the motion for new trial eliminates any question as to whether the issuance of a writ of mandamus might be precluded by the fact that relators had a remedy by appeal. It also gave relators all the relief they ordinarily would have obtained on appeal, and the only question is whether a writ of mandamus should now issue directing Judge Barnes to continue the case until 30 days after adjournment of the Legislature. Relators say they are entitled to this additional relief under our decision in Mora v. Ferguson, 145 Tex. 498, 199 S.W.2d 759.

In *Mora* a criminal action was pending in the district court, and the defendant was represented by a member of the Legislature. The petition for a writ of mandamus was filed promptly after their motion for a legislative continuance was overruled and before the criminal case was tried. An order was entered by this Court staying further proceedings in the district court until the mandamus action could be decided. The district judge stated in his answer that he had no intention of calling the criminal case for trial "until after adjournment of the Legislative Session." This did not accord full relief, because it was the judge's mandatory duty to continue the case until some date *at least ten days after* adjournment of the Legislature.[2] It was accordingly held that a mandamus would issue unless an order to that effect was entered by the district judge. The decision does not stand for the proposition that a writ of mandamus will always issue whenever a motion for a legislative continuance has been improperly overruled and despite assurances from the district judge that the main case will not be called for trial during the period contemplated by Article 2168a.

At the time she originally acted on the motion for continuance, it was the duty of Judge Barnes to grant the same and continue the case until 30 days after adjournment of the Legislature. She violated that duty initially, but the situation is now somewhat different. The divorce action was tried and a judgment was entered before our jurisdiction was invoked. That judgment was later set aside and a new trial granted. The case thus stands on the docket untried and unset, and this was brought about not by the intervention of a superior court but by the action of the trial judge in recognition of her error in failing to grant a continuance. It also is clear that the previous order overruling the motion for continuance can have no effect upon future proceedings in the divorce action. In our opinion Article 2168a does not require that a motion for legislative continuance be entertained and granted under these circumstances and when the case is not even set for trial. This leads to the conclusion that the petition for a writ of mandamus should be denied, and it is so ordered.

**2.** Article 2168a as amended in 1949 requires that the cause be continued until thirty rather than ten days after adjournment of the Legislature.