Richard CUELLAR, Appellant,

v.

The STATE of Texas, Appellee.

Guillermo DURON, Appellant,

v.

The STATE of Texas, Appellee.

Leonard GUERRA, Appellant,

v.

The STATE of Texas, Appellee.

Raymond R. CASTILLO, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 49653–49656.

Court of Criminal Appeals of Texas.

April 9, 1975.

Joe L. Hernandez, Jesse B. Campos, Robert L. Vale and Jose A. Gamez, San Antonio, for appellants.

Ted Butler, Dist. Atty., Charles Roberts, Gus Wilcox and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

These are appeals from convictions in a joint trial for the offense of rape. The court assessed punishment for Cuellar, Guerra and Castillo at ten years each and for Duron at eleven years.

We reverse for the trial court's failure to grant a legislative continuance.

The alleged crime occurred in November, 1971. Appellant Castillo, a juvenile, was certified by the juvenile court to be tried as an adult. The records reflect initially that the trial was set for June 5, 1972. On the 25th of May, 1972, Governor Preston Smith issued a proclamation calling a special session for the 62nd Legislature to begin on June 14, 1972, 1 Texas Session Laws, Third Called Session, Page 13, 1973. Included in the records but bearing no file marks or signed orders by the judge are motions for continuance on behalf of each of the appellants dated the 5th of June, 1972, and signed by the Honorable R. L. "Bob" Vale, a member of the House of Representatives, 62nd Legislature, requesting a continuance because of the above mentioned special session. No formal order appears in the record, but the case was continued until September 11, 1972.

On September 11, 1972, the trial began. On September 12, 1972, while the trial was in progress, Governor Smith issued a proclamation calling for another special session to commence September 18, 1972. 1 Texas Session Laws, 1972, Fourth Called Session, Page 13, 1973. On September 13, 1972, the

Honorable R. L. Vale submitted a motion for legislative continuance on behalf of each of the appellants. The trial judge denied the motion and the trial continued. The jury returned verdicts of guilty at 7:55 p. m. on September 14, 1972.[1]

Appellants complain of the trial court's failure to grant the legislative continuance requested on September 13. Article 2168a, Vernon's Ann.Civ.St., provides:

"In all suits, either civil or criminal, or in matters of probate, pending in any court of this State at any time within thirty (30) days of a date when the Legislature is to be in Session, or at any time the Legislature is in Session, *it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a Member of either branch of the Legislature,* and will be or is in actual attendance on a Session of the same. Where a party to any cause is a Member of the Legislature, his affidavit need not be corroborated. *On the filing of such affidavit, the court shall continue the cause until thirty (30) days after the adjournment of the Legislature and such affidavit shall be proof of the necessity for such continuance,* and such continuance shall be deemed one of right and shall not be charged against the party receiving such continuance upon any subsequent application for continuance. It is hereby declared to be the intention of the Legislature that the provisions of this Section shall be deemed mandatory and not discretionary." [2] (Emphasis supplied)

The State contends that the motions for continuance should comply with Article 29.08, Vernon's Ann.C.C.P., which provides that a motion for a continuance be sworn to by the defendant himself.

Article 2168a, supra, is a special statute, with a special and limited purpose. Article 29.08, supra, is a general statute. The rules of statutory construction require that statutes that deal with the same subject be construed so that they harmonize. See 53 Tex.Jur.2d., Statutes, Sections 119 through 204; 82 C.J.S. §§ 311 through 440, Statutes, p. 526. However, a special statute controls over a general statute and it makes no difference in which order the statutes were enacted. See Chapple v. State, 521 S.W.2d 280 (1975). Where the special statute is complete within itself, it controls, even though other statutes concerning the same subject matter contain requirements not enumerated in the special statute. Legislative intent must be examined. From the terms of the statute it is apparent that the Legislature intended it to be complete within itself.

Article 2168a is mandatory by its terms and by interpretation by this Court. King v. State, 160 Tex.Cr.R. 556, 273 S. W.2d 72 (1954). See also Mora v. Ferguson, 145 Tex. 498, 199 S.W.2d 759 (1947). The statute is specific in providing that the court must continue the cause if it "shall appear to the court, by affidavit," that (1) the attorney for any party to that cause is a member of the Legislature, and (2) such a member will be or is in actual attendance of a session of the Legislature. Further, the statute states, "on the filing of such affidavit, the court shall continue the cause . . . and such affidavit shall be proof of the necessity for such continuance . . .." The only requirement within the statute is an affidavit setting forth the above enumerated items.

The State relies upon the following language in King v. State, supra:

"Said application set forth the necessary facts and was supported by the affidavit of appellants and their attorney,

---

1. The record was received by the Clerk of this Court December 11, 1974.

2. Subsequently amended by Acts, 1973, 63rd Legislature, Page 1130, Chapter 428, Section 1, effective August 27, 1973. The changes do not affect this case.

who was then in attendance on a session of the Legislature."

The fact that the defendant in King also submitted an affidavit for legislative continuance was immaterial to the disposition of that case.

 The State also contends that the trial was no longer "pending" as contemplated by Article 2168a. An action or suit is pending from its inception until the rendition of final judgment. A cause is pending until mandate is issued from this Court. See 16 Tex.Jur.2d, Section 180.[3]

The motions for continuance filed by Representative Vale were affidavits stating that he was a member of the Legislature and the Legislature had been called into session, that session to begin in less than thirty (30) days. The motions which complied with the statute were submitted to the trial judge while the cause was still pending.

For the reasons stated, the judgments are reversed and the causes remanded.

---

3. The Texas Supreme Court, in Schwartz v. Jefferson, 520 S.W.2d 881, 1975, a mandamus proceeding in which Senator Schwartz sought to invoke a legislative continuance for post-judgment motions, cited various examples of what was not "pending."