Lester Jewell GLOVER, Appellant,

v.

The STATE of Texas, Appellee.

No. 50914.

Court of Criminal Appeals of Texas.

Feb. 4, 1976.

Rehearing Denied Feb. 25, 1976.

John R. Duren and Jerry B. Donaldson, James R. Thompson and B. C. Jones, Copperas Cove, for appellant.

Martin D. Eichelberger, Dist. Atty., Gary Coker and Lynn Malone, Asst. Dist. Attys., Waco, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of the misdemeanor offense of failure to appear. See V.T.C.A. Penal Code, Sec. 38.11(a).[1] Punishment was assessed at a fine of $500 and a year in jail, probated.

■ Appellant in his brief raises several contentions based upon evidence allegedly developed at the trial. However, the transcription of the court reporter's notes of the evidence and other proceedings at the trial, although timely delivered to retained defense counsel, were not filed in the trial court within a period of ninety days after notice of appeal was given. See Art. 40.09, Sec. 3, V.A.C.C.P. No order for an extension of time within which to file same appears in the record. Under the circumstances we sustain the contention of the State that the statement of facts as prepared by the court reporter is not properly before us for our consideration. See *Appleman v. State*, 531 S.W.2d 806 (Tex.Cr.App., 1975); *Dart v. State*, 515 S.W.2d 119 (Tex. Cr.App.).

In his second ground, appellant contends that the trial court erred in failing to grant his motion for legislative continuance. We shall consider this contention insofar as the facts pertinent thereto appear in the transcript, which is properly on file in this Court.

■ This trial took place March 24, 1975. The transcript contains a motion for continuance signed by Jerry (Nub) Donaldson as "Attorney for Defendant," filed in this case March 24, 1975. Accompanying this motion is an affidavit of Jerry (Nub) Donaldson, duly sworn to, which, omitting the style and number of the case, reads as follows:

*"AFFIDAVIT FOR CONTINUANCE*

"TO THE HONORABLE JUDGE OF SAID COURT:

"COMES NOW Jerry (Nub) Donaldson, attorney for the Defendant LESTER JEWEL GLOVER, and files this his Affidavit for Continuance in the above styled and number (sic) cause and in respect thereof would respectfully show unto the Court as follows:

"That Jerry (Nub) Donaldson, attorney for the Defendant is a member of the Texas House of Representatives and is or will be within 30 days in actual attendance on a Session of the same.

"That Jerry (Nub) Donaldson has participated in the preparation of this case and intends to actively participate in the presentation of this case; and

"That Jerry (Nub) Donaldson was employed in this case on or about 11–27–74, which time is not within 10 days of the date such suit is set for trial.

/s/ Jerry Nub Donaldson
JERRY (NUB) DONALDSON"

Although the transcript does not contain an order overruling the motion, the docket sheet discloses that it was brought to the court's attention on March 24 prior to the case going to trial.

Art. 2168a, V.A.Tex.Civ.Stats., as amended by Acts of the 63rd Legislature effective August 27, 1973, provides:

"In all suits, either civil or criminal, or in matters of probate, pending in any court of this State, and in all matters ancillary to such suits which require action by or the attendance of an attorney, including appeals but excluding temporary restraining orders, at any time within thirty (30) days of a date when the Legisla-

---

1. "(a) A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release."

ture is to be in Session, or at any time the Legislature is in Session, or when the Legislature sits as a Constitutional Convention, it shall be mandatory that the court continue such cause if it shall appear to the court, by affidavit, that any party applying for such continuance, or any attorney for any party to such cause, is a Member of either branch of the Legislature, and will be or is in actual attendance on a Session of the same. If the member of the Legislature is an attorney for a party to such cause, his affidavit shall contain a declaration that it is his intention to participate actively in the preparation and/or presentation of the case. Where a party to any cause or an attorney for any party to such cause is a Member of the Legislature, his affidavit need not be corroborated. On the filing of such affidavit, the court shall continue the cause until thirty (30) days after the adjournment of the Legislature and such affidavit shall be proof of the necessity for such continuance, and such continuance shall be deemed one of right and shall not be charged against the party receiving such continuance upon any subsequent application for continuance. It is hereby declared to be the intention of the Legislature that the provisions of this Section shall be deemed mandatory and not discretionary.

"Notwithstanding the foregoing, the right to such continuance, where such continuance is based upon an attorney in such cause being a member of the Legislature, shall be discretionary with the Court in the following situations and under the following circumstances, and none other, to wit:

"(1) Where such attorney was employed within 10 days of the date such suit is set for trial."

In *Cuellar v. State*, 521 S.W.2d 277, in applying Art. 2168a prior to its amendment in 1973, we said:

Article 2168a is mandatory by its terms and by interpretation by this Court. *King v. State*, 160 Tex.Cr.R. 556, 273 S.W.2d 72 (1954). See also *Mora v. Ferguson*, 145 Tex. 498, 199 S.W.2d 759 (1947). The statute is specific in providing that the court must continue the cause if it 'shall appear to the court, by affidavit,' that (1) the attorney for any party to that cause is a member of the Legislature, and (2) such a member will be or is in actual attendance of a session of the Legislature. Further, the statute states, 'on the filing of such affidavit, the court shall continue the cause . . . and such affidavit shall be proof of the necessity for such continuance . . . .' The only requirement within the statute is an affidavit setting forth the above enumerated items."

The statute as it was in effect at the time of the instant trial is no less mandatory by its terms than it was when construed in *Cuellar*, supra.

We take judicial notice of the fact that the 64th Legislature of the State of Texas convened January 5, 1975, and adjourned June 2, 1975, and that it was in session on March 24, 1975, when the instant case was in trial. We likewise take judicial notice that the Honorable Jerry Donaldson was the duly elected Representative from the 34th Legislative District of Texas at this session.

The court reversibly erred in failing to grant the motion for a continuance. *Cuellar v. State*, supra.

The judgment is reversed, and the cause is remanded.

Opinion approved by the Court.