**Charles Nance CURRY**

v.

**Gene ATER, District Judge.**

**No. 69100.**

Court of Criminal Appeals of Texas, En Banc.

April 6, 1983.

en life, or is convicted of any lesser included offense his appeal, if any, would be to the Court of Appeals.

Craig A. Washington, Houston, for appellant.

William Michael Holmes, Dist. Atty. and J.E. Weaterly, Asst. Dist. Atty., Odessa, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

This is an original mandamus action brought by relator, Charles Nance Curry, seeking the issuance of a writ of mandamus to compel Judge Gene Ater, Judge of the 70th Judicial District Court of Ector County, to grant a motion for legislative continuance filed by one of relator's attorneys, State Senator Craig Washington. The continuance is sought in an extradition proceeding pending in the 70th Judicial District Court, wherein the sovereign state of Virginia seeks Curry's extradition to that state to answer felony theft charges lodged against him there.

Pursuant to the Uniform Criminal Extradition Act, Art. 51.13, V.A.C.C.P., the Governor of Virginia sought and obtained a warrant for Curry's arrest from the Governor of Texas on September 23, 1981. On December 6th, Curry was arrested in Odessa, Texas, and released on bail pending a hearing on his writ of habeas corpus filed in the 70th Judicial District Court pursuant to § 10 of Art. 51.13, V.A.C.C.P. During 1982 Curry filed numerous motions for continuance alleging that his poor health prevented him from attending a hearing on the writ. All motions for continuance were granted by Judge Ater and the hearing was finally set on February 11, 1983. On that date one of Curry's attorneys, John Smith of Odessa, informed Judge Ater and the prosecutor in the case that there would be no necessity of a hearing since Mr. Curry agreed to surrender himself to the state of Virginia. Judge Ater continued the case on his own motion until February 28th on which date Curry was to voluntarily surrender himself. On February 28th, Senator Washington filed a motion for legislative continuance. From the record, it appears that this motion constituted the first notice to Judge Ater that Senator Washington was one of Curry's attorneys. Judge Ater summarily denied the

motion and ordered all parties to appear for a hearing of habeas corpus on March 4, 1983. On that date, relator filed his original mandamus action in this court and all proceedings were stayed.

The motion for legislative continuance filed on behalf of Curry by Senator Washington complies with all of the requirements set forth in Art. 2168, V.A.C.S. It was executed on February 18th by Senator Washington and stated that he had been employed by Curry since January 21, 1983. The record does not reflect a reason for the 10 day delay between the execution of the motion and its filing on February 28th.

▇ The granting of a legislative motion for continuance that conforms with the requirements of Art. 2168a, V.A.C.S., is mandatory. *Cuellar v. State,* 521 S.W.2d 277 (Tex.Cr.App.1975); *Mora v. Ferguson,* 145 Tex. 498, 199 S.W.2d 759 (Tex.1947); *Glover v. State,* 532 S.W.2d 346 (Tex.Cr. App.1976). There are only two exceptions to this rule. The first exception is contained in Art. 2168a(1) which states that when a legislator/attorney is employed within 10 days of the date a suit is set for trial, then the court has discretion to either grant or deny the motion. A habeas corpus proceeding is a suit within the meaning of Art. 2168a. *Ex parte Browder,* 373 S.W.2d 256 (Tex.Cr.App.1963). The record in this case reflects that Senator Washington was employed on January 21, 1983, more than 10 days before the court was to conduct a hearing on the writ of habeas corpus. The second exception to the rule was enunciated by the Texas Supreme Court in *Waites v. Sondock,* 561 S.W.2d 772 (Tex.1977), wherein the court stated:

"a legislative continuance is mandatory except in those cases in which the party opposing the continuance alleges that a substantial existing right will be defeated or abridged by delay. In cases of this type, the trial court has the duty to conduct a hearing on the allegations. If the allegations are shown to be meritorious,

the court should deny the continuance." *Ibid.* at 776.

In this case the state made no such allegation to the trial court. However, in addition to its answer to relator's petition for writ of mandamus, the state has submitted a written request that the Court of Criminal Appeals remand this matter back to the trial court so that an evidentiary hearing, as contemplated by the Texas Supreme Court in *Waites v. Sondock,* supra, might be held. In this request the state alleges that "substantial and existing rights of the state of West Virginia will be denied if a legislative continuance is granted". Ignoring for a moment that the state of Virginia, not West Virginia, appears to be the interested party in this matter, we note that the request contains no underlying factual allegations. It does not set out what rights the state of Virginia has nor how they will be defeated or abridged. The state's request is denied.[1]

▇ Since the motion for legislative continuance is in compliance with the requirements of Art. 2168a and since neither of the two enumerated exceptions to the rule that such a continuance must be granted by the trial court are applicable in this case, we hold that the trial judge erroneously overruled relator's motion for continuance. In so holding, however, we do not in any way condone the failure of Senator Washington to timely apprise the court of the fact that he represented Curry or his failure to file the motion for legislative continuance until the day of trial.

Relator's petition for writ of mandamus is granted but issuance of the writ is stayed so that the trial judge might enter an order granting the motion for legislative continuance. Only upon the trial judge's failure to enter such an order will the writ issue.

---

1. Compare the motion opposing the continuance in *Waites v. Sondock,* supra. There, in an attempt to have an immediate hearing on her contempt motion to compel her former husband to comply with a child support order, the relator filed a written motion setting out specific factual allegations that, if true, demonstrated that substantial existing rights of her children would be defeated or abridged by any delay in the proceedings.