**Randall Alex RUSSELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–00011–CR**

Court of Appeals of Texas,
Dallas.

March 6, 1987.

William L. Schultz, McKinney, for appellant.

H. Ownby, Dist. Atty., Collin County, Roger V. Dickey, Asst. Dist. Atty., Collin County, McKinney, for appellee.

Before WHITHAM, SCALES [1] and HECHT [2], JJ.

SCALES, Justice.

### ON MOTION FOR REHEARING

On motion for rehearing, we withdraw our previous opinion. The following is now the opinion of the court.

Randall Alex Russell was convicted of involuntary manslaughter. The jury assessed punishment at two years confinement in the Texas Department of Corrections and a $5,000 fine. The jury probated the fine for a period of five years. Russell appeals, in two points of error, contending that: 1) the trial court erred in overruling his challenge for cause of a prospective juror; and 2) the verdict rendered by the jury is void as a matter of law. We disagree with appellant's first point. We also disagree with appellant's second point insofar as it characterizes the jury verdict as void. However, we agree that the verdict includes punishment that is not authorized by law. Consequently, we affirm and reform the jury verdict to delete the portion that is unauthorized.

Appellant's conviction arises out of a one-car accident in which the passenger was killed. At the time of the accident, appellant was driving the car, and he had an alcohol concentration of 0.19 in his blood.[3]

Appellant contends, in his first point of error, that the trial court erred in overruling his challenge of a prospective juror for cause. Article 35.16(c)(2) of the Texas Code of Criminal Procedure provides that:

(c) A challenge for cause may be made by the following defense for any of the following reasons:

2. That [the prospective juror] has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof or of the punishment therefor.

TEX.CODE CRIM.PROC.ANN. art. 35.-16(c)(2) (Vernon 1966). Appellant argues that, pursuant to article 35.16(c)(2),[4] his challenge for cause should have been sustained because the prospective juror expressed doubts as to his ability to give probation.

We must review the trial court's decision to overrule appellant's challenge for cause in light of all of the answers that the prospective juror gave during voir dire questioning. *Anderson v. State*, 633 S.W.2d 851, 854 (Tex.Crim.App.1982). During the defense counsel's voir dire questioning, the prospective juror stated that, because of his prior driving encounters with drunk drivers, he did not think that he could fairly consider probation. However, during the State's voir dire examination, the following exchange occurred:

PROSECUTOR: I will ask you one more time then, in an appropriate case could you consider and assess a probated sentence?

PROSPECTIVE JUROR: In a proper case, under all of the testimony and facts, I guess I probably could.

We hold that the State successfully rehabilitated the prospective juror by eliciting

---

1. The Honorable R.T. Scales, Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. The Honorable Nathan L. Hecht, Justice, succeeded the Honorable Lawrence Mitchell, Justice, at the expiration of his term on December 18, 1986.

3. By definition, a driver is intoxicated if he or she has an alcohol concentration of 0.10 or higher. TEX.REV.CIV.STAT.ANN. art. 6701*l*-5, § 3(j)(4) (Vernon Supp.1986).

4. All statutory references are to the Texas Code of Criminal Procedure.

statements from him which indicate that he could give probation in a proper case. *See Von Byrd v. State,* 569 S.W.2d 883, 891 (Tex.Crim.App.1978), *cert. denied,* 441 U.S. 967, 99 S.Ct. 2418, 60 L.Ed.2d 1073 *reh'g denied,* 444 U.S. 888, 100 S.Ct. 190, 62 L.Ed.2d 123 (1979); *Moore v. State,* 542 S.W.2d 664, 671 (Tex.Crim.App.1976); *Parsons v. State,* 160 Tex.Cr.R. 387, 271 S.W.2d 643, 652 (1953), *cert. denied,* 348 U.S. 837, 75 S.Ct. 36, 99 L.Ed. 660 (1954). Thus, the trial court did not err in overruling appellant's challenge for cause. Appellant's first point of error is overruled.

In his second point of error, appellant argues that the jury verdict is void because the jury assessed a probated fine in addition to a non-probated term of confinement in the Texas Department of Corrections. Prior to the enactment of article 37.10(b) of the Texas Code of Criminal Procedure, the verdict rendered against appellant by the jury would have been void. *See Ex parte McIver,* 586 S.W.2d 851, 853–54 (Tex.Crim.App.1979). However, article 37.-10(b) authorizes trial courts and appellate courts to reform jury verdicts which contain punishment that is not authorized by law. TEX.CODE CRIM.PROC.ANN. art. 37.10(b) (Vernon Supp.1986). Consequently, a jury verdict before us, is no longer void. *See Ex parte Youngblood,* 698 S.W.2d 671, 672 (Tex.Crim.App.1985); *Ex parte Johnson,* 697 S.W.2d 605, 606–07 (Tex.Crim.App.1985). Rather, we may reform the verdict to omit the punishment that is not authorized by law. In a felony case, a probated fine is not authorized by law where the jury has also assessed a non-probated term of confinement. *See Ex parte McIver,* 586 S.W.2d at 854; *see also Ex parte Johnson,* 697 S.W.2d at 606 (discussing the *McIver* holding). Accordingly, pursuant to article 37.10(b), we *reform the* judgment in cause no. F85–086–HR of the 199th Judicial District Court of Collin County to delete the $5,000.00 probated fine.

As reformed, the judgment of the trial court is affirmed.

WHITHAM, Justice, dissenting.

I concur in part and respectfully dissent in part. I agree with the majority that the State successfully rehabilitated the prospective juror by eliciting statements from him which indicate that he could give probation in a proper case. Therefore, I concur that we overrule appellant's first point of error. I disagree, however, with the majority's reformation of the jury verdict in response to appellant's second point of error.

In his second point of error, appellant contends that the jury's sentence of two years confinement and a probated fine was void as a matter of law. I agree with the majority that the jury's verdict contains both punishment that is authorized by law and punishment that is not authorized by law. Moreover, I recognize that appellant is not harmed by the manner in which the majority reformed the verdict. In fact, the majority's reformation benefits appellant by deleting the fine without imposing the strictures of probation as a condition for remitting the fine. I do not believe, however, that article 37.10(b) of the Texas Code of Criminal Procedure authorizes this court to delete both appellant's fine and his probation. I write to express the reasons I would sustain appellant's second point of error, declare the judgment and sentence below to be void, reverse the case and remand it to the trial court for a new trial.

The jury convicted appellant of involuntary manslaughter. The verdict read:

> We, the Jury, having found the [appellant] guilty of Involuntary Manslaughter, assess punishment at two (2) years confinement in the Texas Department of Corrections and a fine of Five Thousand ($5,000); we, the jury further find that the [appellant] is eligible for probation and recommend to the Court that the fine only be probated for a term of Five (5) years.

(Emphasis added). Section 19.05(c) of the Texas Penal Code stipulates that involuntary manslaughter is a felony of the third degree. Section 12.34 of the Texas Penal Code establishes that an individual adjudged guilty of a third degree felony may

be punished by confinement for two to ten years and a fine not to exceed $5,000. The portion of the verdict which has not been underscored, two years confinement and a $5,000 fine, falls within the authorized penalty range for a third-degree felony. TEX. PENAL CODE ANN. § 12.34 (Vernon 1974). Thus, I conclude that both the two years confinement and the $5,000.00 fine in appellant's jury sentence were authorized by law.

In cases where a jury has assessed punishment and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the addition of subsection (b) to article 37.10 of the Texas Code of Criminal Procedure authorizes appellate courts to reform the verdict to show the punishment authorized by law and to omit only the punishment not authorized by law. In the present case, the part of the verdict which is not underscored assesses punishment which *is* authorized by law—two years confinement and a $5,000 fine. Article 37.10(b) authorizes this court "to reform the verdict to *show* the punishment authorized by law." TEX. CRIM.PROC.CODE ANN. art. 37.10(b) (Vernon Supp.1987). I conclude that article 37.10(b) authorized this court to reform the verdict to *show* both the fine and the prison term and not, as the majority has held, to *omit* the fine which was authorized by sections 19.05(c) and 12.34 of the Texas Penal Code.

Turning to the underscored portion of the verdict, I now address the question of the jury's authority to probate appellant's fine and simultaneously sentence appellant to two years confinement without probation. Section 3a(a) of article 42.12 of the Texas Code of Criminal Procedure provides:

(a) When there is a felony conviction in any court of this State and the punish-

ment assessed by the jury shall not exceed ten years, the jury may recommend probation for a period of any term of years authorized for the offense for which the defendant was convicted, but in no event for more than ten years, upon written sworn motion made therefor by the defendant, filed before the trial begins. When the jury recommends probation, it may also assess a fine applicable to the offense for which the defendant was convicted.

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3a(a) (Vernon Supp.1987). The first sentence of article 42.12, section 3a(a) gives the jury two options, either to recommend probation of the punishment it has assessed or to refrain from such recommendation. The second sentence of section 3a(a) authorizes the jury to assess a fine even though it has recommended probation of other punishment. Section 3a(a) does not specifically authorize the jury to do the opposite: to assess other punishment (such as confinement) even though it has recommended probation of a fine which it has assessed. *Ex parte McIver*, 586 S.W.2d 851, 853–54 (Tex.Crim.App.1979).[1] Thus, I conclude that the portion of the sentence probating appellant's fine was not authorized by law.

Article 37.10(b) is a general law enabling courts to reform verdicts omitting that portion of a jury verdict which is unauthorized by law. It applies to "punishment" generally. Probation, as well as incarceration, is a form of punishment. *Angelle v. State*, 571 S.W.2d 301, 303 (Tex.Crim.App.1978). Thus, article 37.10(b) appears to authorize this court to delete the underscored portion of the present verdict including the punishment of probation. In contrast with the broad scope of article 37.10(b) which applies to punishment generally, article 42.12 is a special statute with the special and limited purpose of establishing rules governing probation and parole. These stat-

---

1. I recognize that *McIver*'s holding that the verdict was void at its inception has been overruled in similar cases following the addition of subsection (b) to Article 37.10 of the Texas Code of Criminal Procedure. *See, e.g., Ex parte Johnson*, 697 S.W.2d 605, 606–07 (Tex.Crim.App. 1985). However, *McIver*'s analysis of the ques-

tion whether, in a felony case, article 42.12 authorizes a jury to impose both imprisonment and a fine and then recommend probation of the fine alone has not been questioned in these cases. All citations to *McIver* in this opinion are from those parts of *McIver* that the subsequent cases have not questioned.

utes overlap whenever a jury verdict provides for probation which is not authorized by law in addition to some other authorized form of punishment. The rules of statutory construction require that statutes dealing with the same subject be construed so that they harmonize. *Cuellar v. State,* 521 S.W.2d 277, 279 (Tex.Crim.App.1975). However, a special statute controls over a general statute. *Cuellar,* 521 S.W.2d at 279. Where the special statute is complete within itself, it controls, even though other statutes concerning the same subject matter contain requirements not enumerated in the special statute. *Cuellar,* 521 S.W.2d at 279.

Article 42.12 defines "probation", specifies the method by which a defendant may become eligible for probation and who may assess probation, establishes guidelines for the terms and conditions to be imposed on probationers, creates a personnel network to supervise probationers and provides a procedure by which probation may be revoked. *See generally* TEX.CODE CRIM. PROC.ANN. art. 42.12, §§ 1–11 (Vernon 1979 & Vernon Supp.1987). It is complete within itself. Thus, in the present case, the procedural requirements for probation revocation set forth in article 42.12 control and prevent this court from attempting to revoke appellant's probation of a fine by impermissible reformation of the verdict. Therefore, I conclude that this court cannot reform the verdict so as to omit just the probation of the fine because article 42.12, sections 3b, 3d and 8 provides the manner of revoking probation and that specific statute again controls the general statute, article 37.10(b).

Before the addition of subsection (b) to article 37.10, courts were permitted only to reform the judgment in a given case so that it properly reflected the true verdict reached by the jury. *Ex parte Johnson,* 697 S.W.2d 605, 607 (Tex.Crim.App.1985). "Thus, when a jury rendered a verdict unauthorized by law, the only course of action available was to remand the case for a new trial.... In this sense, a judgment and sentence were considered void since *there was no way to cure the infirmity.*" *Ex parte Johnson,* 697 S.W.2d at 607 (emphasis as in original). I find myself in the position of an appellate court judge faced with a jury verdict some portion of which is not authorized by law. I conclude that the special statute governing probation authorization and revocation, article 42.12, overcomes article 37.10(b) in this case. Thus, article 37.10(b) does not authorize this court to reform the verdict in the present case to omit the underscored section and no remedy is available to cure the infirmity in the present verdict. In this respect, the present case resembles cases which arose prior to the addition of subsection (b) to article 37.10. *See Ex parte Johnson,* 697 S.W.2d at 607. In the sense that no remedy is available to cure the infirmity in the present verdict, the judgment and sentence must be considered void. I conclude that the only course of action available to this court is to remand the case for a new trial. *See Ex parte Johnson,* 697 S.W.2d at 607.

The error in the present case occurs in the portion of the verdict assessing appellant's punishment. Thus, I conclude that the error obviously contributes to appellant's punishment and requires reversal. *See* TEX.R.APP.PROC., R. 81(b)(2). I would sustain appellant's second point of error, declare the judgment and sentence below to be void, reverse the case and remand it to the trial court for a new trial.

**In the Matter of I.G., A Minor Child, Appellant,**