William Luther BURNHAM, Appellant,

v.

The STATE of Texas, State.

No. 2–90–327–CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 23, 1991.

Don E. Peavy, Sr., Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., C. Chris Marshall, Edward L. Wilkinson, Fred Rabalais and Paul Dickson, Assistants, Fort Worth, for appellee.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

Appellant, William Luther Burnham, was convicted by a jury of aggravated sexual assault of a child younger than fourteen years old. *See* TEX.PENAL CODE ANN. § 22.-021(a)(1)(B) and (2)(B) (Vernon 1989). The jury assessed punishment at thirty-seven years confinement and a fine of $10,000.00.

We affirm.

Burnham raises two points of error claiming the court erred in overruling his motions to strike a venirewoman for cause and for directed verdict.

In January of 1989, Burnham was babysitting J.H., age six, and his siblings, for six nights until January 11, 1989. During those six nights, J.H. testified Burnham took him into the bathroom and told him to take his clothes off, and sexually assaulted him.

In his first point Burnham complains the trial court erred in overruling his motion to strike venirewoman Kirsch for cause. The objected to voir dire went as follows:

[PROSECUTION]: Do you have any questions about anything?

VENIREWOMAN KIRSCH: Not really. I just—I have a little bit of a prob-

lem with probation in a case like this and the light end of the sentence.

[PROSECUTION]: Okay. Well, you realize that all you know about right now is what's charged in the indictment.

VENIREWOMAN KIRSCH: That's why I say it's difficult to answer.

[PROSECUTION]: You understand that I'm not telling you that you either have to assess probation or you have to assess a life punishment.

VENIREWOMAN KIRSCH: Uh-huh.

[PROSECUTION]: I'm just telling you that the Legislature has enacted this range of punishment that applies in the case and knowing none of the factors, whether mitigating or aggravating, you must be able to consider the entire range.

Do you feel you could do that?

VENIREWOMAN KIRSCH: Yes.

During the defendant's voir dire:

[DEFENSE ATTORNEY]: Mrs. Kirsch, you said you would have a problem with probation. Simply put, in a case where you had found a defendant guilty of sexual assault of a child, could you fairly consider that Defendant for probation?

VENIREWOMAN KIRSCH: I think I could consider probation, but it's highly unlikely that I would recommend probation in that case.

[DEFENSE]: Well, when you say you would consider it, are you just saying you would do what the law requires, consider it, but—

VENIREWOMAN KIRSCH: I would do, in my conscience, what I felt was necessary, depending on the circumstances of the situation.

[DEFENSE]: Okay. When you say depending on the circumstances, are there, then, some cases where you could find the Defendant guilty of sexual assault of a child and give probation?

THE COURT: Wait just a second before you answer that.

Let's talk about the crime we are talking about here. It's aggravated sexual assault. Now, reask the question.

[DEFENSE]: Okay.

Are there—can you conceive of a case in which you would find the Defendant guilty of aggravated sexual assault of a child and you would give him probation?

VENIREWOMAN KIRSCH: I don't think so.

[DEFENSE]: Your Honor, we would move to strike for cause.

THE COURT: Does the State have any questions?

[PROSECUTION]: You understand you don't know any of the facts and circumstances, and even though it sounds like [Defense Counsel] is binding you and telling you could you give probation, I'm asking you could you fairly consider it? Could you conceive of a set of facts that would constitute aggravated sexual assault, as I went over it with you, that would warrant probation?

VENIREWOMAN KIRSCH: Possibly. You know, at this time I can't conceive of what circumstances or situations that might be. I'm not saying that there aren't situations and circumstances that—in which case I might consider it. I'm saying at this point in time, I can't conceive of what type of circumstance where probation might be an option.

[PROSECUTION]: That's all I have.

THE COURT: Anything else?

[DEFENSE]: No.

THE COURT: Your challenge for cause is overruled.

You may sit down.

■ In reviewing the ruling of a trial court on a challenge for cause based on the bias of the venireman, the decision of the trial court will not be disturbed absent an abuse of discretion. *Williams v. State*, 773 S.W.2d 525, 537 (Tex.Crim.App.1988) (en banc), *cert denied*, 493 U.S. 900, 110 S.Ct. 257, 107 L.Ed.2d 207 (1989). Additionally, the trial court's ruling on a challenge during voir dire must be considered in light of all the answers given. *Id.*

■ In the present case, Kirsch initially stated she would have "a little bit of a problem with probation," but she later stated she could consider the entire range of punishment. Further, during Burnham's

voir dire she again stated she could consider probation.

We cannot conclude, in light of all the answers given, that the trial court abused its discretion in overruling the challenge for cause. Burnham's first point of error is overruled.

In his second point Burnham argues the trial court erred in overruling his motion for a directed verdict. He argues that the testimony of J.H. was uncorroborated as required by the TEX.CODE CRIM.PROC.ANN. art. 38.07 (Vernon Supp.1991).

At trial, Burnham moved for a directed verdict based on the fact that the evidence was insufficient to establish a prima facie case to the jury, and that there was no evidence that on January 15th he committed the acts alleged in the indictment. A ground of error presented on appeal must comport with the objection raised at trial. *Crocker v. State,* 573 S.W.2d 190, 205 (Tex.Crim.App. [Panel Op.] 1978); *Montoya v. State,* 744 S.W.2d 15, 33 (Tex.Crim.App.1987) (en banc), *cert. denied,* 487 U.S. 1227, 108 S.Ct. 2887, 101 L.Ed.2d 921 (1988). Because the ground of error presented on appeal did not comport with the objection raised at trial, nothing is presented for review. Furthermore, J.H. required no corroboration since he was under the age of fourteen years under the express terms of article 38.07. Burnham's second point of error is overruled.

Judgment is affirmed.