TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00320-CR







Pedro Silva, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0934190, HONORABLE JON N. WISSER, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of attempted murder and assessed punishment at
imprisonment for twelve years and a $2000 fine. In his only point of error, appellant contends
the district court erred by denying his challenge for cause to venire member Harold Fischer.

 During questioning of the jury panel, Fischer indicated he would have difficulty
assessing the minimum sentence of two years probation for attempted murder: "[T]here may be
some circumstances out there where I would change my mind. It doesn't seem like that's very
much for Attempted Murder." Fischer was later questioned outside the presence of the other
panelists.


 MR. YOUNG [defense counsel]: Mr. Fischer, we're just going to
keep you a minute. I brought you up here because I made a note, I thought you
said you couldn't consider two years probation in an attempted murder case; is that
right?


 MR. FISCHER: Generally, yes. That's right.


 MR. YOUNG: So, you know, the issue here is not, you know, this
particular case because you don't know what the facts of the case are. We're not
allowed to tell you.


 MR. FISCHER: I understand that. I understand that.


 MR. YOUNG: The question is is there an attempted murder case
where you could consider two years probation in?


 MR. FISCHER: There may be but there doesn't seem to be any at
this time.



At this point, the prosecutor reminded Fischer of a hypothetical case discussed earlier, in which
a defendant attempted to kill a terminally ill person at that person's request. Fischer said that
example "would come as close as anything I could think of at this point" and that he could
"possibly" consider a two-year probated sentence in such a case. Fischer was then questioned by
the district court.


 THE COURT: I might say if you look at it like this from two years
probation on one end of the thing to twenty in prison you look at it maybe like a
normal distribution curve obviously you would have a small number of cases
deserved this and small here and based on somewhere in the middle, but the law
does say you have to consider the full range whatever if you got to that stage of the
trial. Run through your mind, is this appropriate for two years probation, is it
appropriate for twenty years in prison and pick some number in between.


 MR. FISCHER: I think I probably could say that, you know, it was
kind of like a bell curve it would --


 THE COURT: Right, at each end of that would be, of course, more
extreme and most cases would be somewhere in the middle I presume but the State
is entitled to have you consider twenty and the defense is entitled to have you
consider two years probation and if you couldn't do it that's okay. If you can do
it, it's okay.


 How do you feel about it? Unfortunately at this stage we sort of
need a yes or no answer because it's too late if you get back in the jury room and
you say, "Well, I really can't do this."


 MR. FISCHER: Well, I think I can probably do it.



 Appellant challenged Fischer for cause on the ground that he could not consider
the full range of punishment. After overruling the challenge, the court explained, "I think again
based on the juror's demeanor and number of responses and impressions I thought he would be
able to abide by the law and consider the full range of punishment." Appellant properly preserved
the court's ruling for appeal.

 A venire member who cannot consider the minimum punishment authorized for an
offense has a bias against the law for which he may be challenged. Pierce v. State, 696 S.W.2d
899, 902-03 (Tex. Crim. App. 1985); Tex. Code Crim. Proc. Ann. art. 35.16(c)(2) (West Supp.
1995). This does not mean, however, that a venire member is required to state that he could
consider a probated sentence in a particular fact situation. Faulder v. State, 745 S.W.2d 327, 339
(Tex. Crim. App. 1987). Moreover, a venire member's inability to articulate a set of facts in
which a probated sentence is appropriate does not necessarily demonstrate an inability to consider
the full range of punishment. Hogue v. State, 711 S.W.2d 9, 27 (Tex. Crim. App. 1986). 
Challenges for cause are addressed to the trial court's discretion, and appellate courts must give
considerable deference to the trial court's ruling. Chambers v. State, 866 S.W.2d 9, 22 (Tex.
Crim. App. 1993).

 Although Fischer expressed reservations about assessing a two-year probated
sentence for attempted murder, he ultimately indicated that he "probably" could follow the law
and consider such a punishment. Contrary to appellant's argument, this was not, as a matter of
law, inadequate to demonstrate a willingness to consider the full range of punishment. Russell
v. State, 727 S.W.2d 92, 93-94 (Tex. App.--Dallas 1987, pet. ref'd); see also Westbrook v. State,
846 S.W.2d 155, 160-61 (Tex. App.--Fort Worth 1993, no pet.); Burnham v. State, 821 S.W.2d
1 (Tex. App.--Fort Worth 1991, no pet.). Keeping in mind that the district court was able to
observe Fischer and judge his demeanor, appellant has not shown that the court abused its
discretion by overruling his challenge for cause.

 The point of error is overruled and the judgment of conviction is affirmed.



Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: December 13, 1995

Do Not Publish



his point, the prosecutor reminded Fischer of a hypothetical case discussed earlier, in which
a defendant attempted to kill a terminally ill person at that person's request. Fischer said that
example "would come as close as anything I could think of at this point" and that he could
"possibly" consider a two-year probated sentence in such a case. Fischer was then questioned by
the district court.


 THE COURT: I might say if you look at it like this from two years
probation on one end of the thing to twenty in prison you look at it maybe like a
normal distribution curve obviously you would have a small number of cases
deserved this and small here and based on somewhere in the middle, but the law
does say you have to consider the full range whatever if you got to that stage of the
trial. Run through your mind, is this appropriate for two years probation, is it
appropriate for twenty years in prison and pick some number in between.


 MR. FISCHER: I think I probably could say that, you know, it was
kind of like a bell curve it would --


 THE COURT: Right, at each end of that would be, of course, more
extr