NO. 07-99-0193-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 3, 2000

______________________________

JOE LUIS RIOJAS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 222
ND
 DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-98F-085; HONORABLE DAVID WESLEY GULLEY, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Presenting one issue for our review, appellant Joe Luis Riojas, Jr. challenges his conviction of delivery of a controlled substance and the resulting jury-assessed sentence of five years confinement in the Institutional Division of the Department of Criminal Justice.  In that issue, he contends the trial court “abused its discretion in failing to sustain defendant’s challenge of a prospective juror for cause and in not affording defendant an additional strike after appellant identified at least one objectionable juror.”  Disagreeing that reversal is required, we affirm the judgment of the trial court.

The relevant facts in appellant’s issue arise out of the 
voir dire
 process.  Specifically, during that examination, appellant’s counsel asked the panel, “[o]kay, how many of you feel like everybody that sells drugs should go to the penitentiary, raise your hand?”  Venire person 21, Janet Bradley Moody, raised her hand.  In response, asserting Moody had a bias or prejudice against him, appellant challenged her for cause.  The trial court denied the challenge and appellant used his last preemptory strike to keep Moody off the jury.  He then requested an additional preemptory strike which was refused.  After the trial court denied his request, appellant presented his strike list to the trial judge and brought it to the judge’s attention that one objectionable venire person, number 31, Kenneth Dean Henson, remained on the jury list.  Henson ultimately served on the trial jury.

The basis of appellant’s argument is that Moody’s reply was sufficient to show she was biased against him.  The following are the pertinent portions of that 
voir dire 
exchange as shown in the record:

Defense counsel:  . . . Okay, how many of you feel like everybody that sells drugs should go to the penitentiary, raise your hand?

The Juror (Moody):  Well, they ought to, I also--

(Further statements by the Juror could not be heard by the Reporter).

*     *     *

(Jury not present)

Defense counsel:  Your Honor, before tendering my ten preemptory strikes I would like to challenge Juror number--

The Court:  She is number twenty-one on that list.

Defense counsel:  Number twenty-one.

*     *     *

Defense counsel:  That’s correct, Your Honor.  I would like to challenge Juror Number Twenty-one Janet Bradley Moody on the basis that I asked the question how many of you feel that everybody they [sic] get convicted of delivering drugs should go to the penitentiary, I asked that question of the panel as a whole and she is the only one that raised her hand, that indicates to me that she has a bias or prejudice in favor of or against the Defendant and a particular prejudice and I’m going to challenge her for cause on that basis.

The Court:  Mr. Saul?

The State:  It’s our position, Your Honor, that merely having an opinion that drug dealers should be sent to the penitentiary is not a disqualification.

     She also was asked several times in the panel if she could consider the entire range of punishment and as far as I know there was never a negative response from her and I think if we started challenging every Juror for cause who thought drug dealers ought to go to the penitentiary we wouldn’t never [sic] be able to get a Jury.

The Court:  I don’t think you asked her any questions, did you, Mr. Martinez?

Defense counsel:  I did ask her that specific question, Your Honor.

The Court:  I mean, you are telling me that she raised her hand?

Defense counsel:  Oh yeah, what I am telling you is --

The Court:  And, then, following that, assuming that that is correct, I don’t believe you asked her any questions, did you, as a follow up to what you took as a response to the question? 

Defense counsel:  Your Honor, I took that as a response to go ahead and challenge her for cause right then and there because I was in the middle of my voir dire and I just completely forgot about it and I’m urging that challenge for cause at this time prior to me turning in my strike list.

The Court:  Does the State have any further response?

The State:  No sir, we just don’t think he has made the grounds for challenge of cause.

The Court:  And, on the basis that that probably is correct, what the State says, but even so I think that any objection has been waived by the untimely presentation of this.

So your challenge is denied, sir.

As we noted above, appellant’s counsel went on to ask for an additional preemptory challenge asserting he was going to be forced to take an objectionable juror, and his request was denied.

It is the rule that the trial court has the authority to excuse a venireperson, for a proper basis, at any time prior to the time the trial jury has been sworn in as a whole and empaneled.  
Clark v. State
, 881 S.W.2d 682, 688 (Tex.Crim.App. 1994), 
cert. denied, 
513 U.S. 1157, 115 S.Ct. 1114, 130 L.Ed.2d 1078 (1995).
  
Because the question was timely presented, we must determine if the trial judge erred in his ruling.

Article 35.16 of the Code of Criminal Procedure enumerates the grounds for which a prospective juror may be challenged for cause.  Tex. Code Crim. Proc. Ann. 35.16(c) (Vernon Supp. 2000).  Subsection (c)(2) of the statute provides that such a challenge may be made if the juror has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, including the punishment applicable to the offense.  Appellant argues the record is sufficient to show the juror had a bias or prejudice against considering the full range of punishment assigned to the offense.  As a result, he contends, her bias was sufficient to sustain his challenge for cause.  A subsection (c)(2) challenge is not included in the list of absolute disqualifications for jury service contained in article 35.19 of the Code.  
See 
Tex. Code Crim. Proc. Ann. art. 35.19 (Vernon 1989).  Therefore, the determination as to whether juror Moody should be excused was a decision for the trial judge acting within his discretion.

A trial court’s refusal to sustain a challenge for cause is reviewed in light of all the prospective juror’s answers.  
Anderson v. State, 
633 S.W.2d 851, 854 (Tex.Crim.App. 1982); 
Nance v. State
, 807 S.W.2d 855, 866 (Tex.App.--Corpus Christi 1991, pet. ref’d).  In conducting our review, we must be mindful that the trial judge had the opportunity to observe the demeanor and tone of voice of a prospective juror in determining the precise meaning intended.  
Id. 
 Additionally, a trial court’s decision on a challenge for cause will not be disturbed absent an abuse of discretion.  
Burnham v. State
, 821 S.W.2d 1, 2 (Tex.App.--Fort Worth 1991, no pet.).

The record before us only reveals that, presumably, Moody raised her hand in response to appellant’s counsel’s question regarding whether a juror or jurors might feel that everyone who sold drugs should go to the penitentiary.  The only thing shown in the record about her response is the incomplete and cryptic statement that “[w]ell they ought to, I also --.”  The reporter certified that nothing further could be heard.  Counsel made no attempt to further interrogate the juror.  Consequently, there is nothing in the record to indicate whether the juror’s feelings were sufficient to prevent her from being able to consider the full range of punishment.  We note that, at trial, the State pointed out the fact that the panel was asked several times if they could consider the entire range of punishment, and Moody never gave a negative response to the question.  The State argued this fact weighed against appellant’s position.

Suffice it to say that the very brief record before us does not show in any way that the trial court abused its discretion in overruling appellant’s challenge for cause and his request for additional strikes.

Accordingly, appellant’s issue is overruled and the judgment of the trial court is affirmed. 

John T. Boyd

 Chief Justice

Do not publish.