**Martin Cervantes CASAREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–181–CR.**

Court of Appeals of Texas,
Waco.

Aug. 9, 1984.

Richard E. Langlois, Kosub, Langlois & Van Cleave, San Antonio, for appellant.

Sam D. Millsap, Jr., Crim. Dist. Atty., Hipolito Canales, Jr., Edward F. Shaughnessy, III, Asst. Crim. Dist. Attys., San Antonio, for appellee.

OPINION

THOMAS, Justice.

Appellant was convicted of murder, and his punishment was assessed at sixty years in prison. The sole question on appeal is whether the court erred when it refused to grant him a legislative continuance under art. 2168a, Tex.Rev.Civ.Stat.Ann. (Supp. 1984). We affirm.

A special session of the 67th Texas Legislature convened on May 24, 1982, and was adjourned on May 28th, three days before Appellant's trial began on June 1st. On the morning of the trial, Appellant's counsel, who was a member of the Texas House of Representatives, filed a motion requesting a continuance under art. 2168a. A continuance was denied. Appellant contends the court erred when it refused to continue his trial until thirty days after May 28th.

Art. 2168a is mandatory by its terms and by interpretation. The court

must continue a cause until thirty days after the legislature adjourns if the affidavit supporting the motion for continuance states: (1) the attorney for any party to the cause is a member of the legislature; and (2) such member will be or is in actual attendance on a session of the legislature. The affidavit must set forth these averments. *Cuellar v. State,* 521 S.W.2d 277 (Tex.Cr.App.1975).

 Appellant concedes the affidavit did not comply with the statute, because his attorney could not truthfully state that he will be or is in actual attendance on a session of the legislature. Unless the affidavit complies with art. 2168a, the court has discretion to deny a continuance. Appellant has not shown an abuse of discretion.

 Appellant also contends the court erred when it refused to grant a legislative continuance based on a motion and affidavit that was presented to the court at a pretrial hearing on May 17th. Although the court and counsel discussed a legislative continuance at the pretrial hearing, the motion and affidavit purportedly filed on May 17th do not appear in the appellate record. With the May 17th affidavit absent from the record, we cannot review Appellant's complaint that the court erred when it continued his trial to June 1st, a date less than thirty days after the special session adjourned.

We overrule Appellant's ground of error and affirm the judgment.