**FIRST INTERSTATE BANK OF TEXAS, N.A., Appellant,**

v.

**John BURNS and Carol Burns, Appellees.**

No. 03–96–00258–CV.

Court of Appeals of Texas, Austin.

Aug. 28, 1997.

Steven M. Bowers, Austin, for Appellant.

Senfronia Thompson, Houston, for Appellees.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

CARROLL, Chief Justice.

This case requires us to construe the statute governing legislative continuances as it applies to an arbitration proceeding. *See* Tex. Civ. Prac. & Rem.Code Ann. § 30.003 (West 1997). Appellant First Interstate Bank of Texas moved for confirmation of an arbitration award and Appellees John and Carol Burns opposed confirmation, alleging among other things that the award was void because the arbitrator had failed to grant them a legislative continuance. The trial court vacated the arbitration award and denied all other requested relief. First Interstate appeals by four points of error. We will affirm the trial court's judgment.

## BACKGROUND

In 1988, First Interstate loaned money to the Burnses to construct a house. The parties modified the original loan papers in 1990 and added, among other things, an arbitration clause. The Burnses defaulted on the note and First Interstate posted the property for foreclosure. The Burnses sued for a temporary restraining order in district court to prevent First Interstate from proceeding with its plan. The district court denied the Burnses' request and First Interstate fore-closed on the property. The proceeds from the foreclosure sale were insufficient to discharge the Burnses' debt; therefore, First Interstate sought recovery of the deficiency. The parties agreed to arbitrate the dispute and the district court stayed all proceedings.

The arbitrator set the matter for hearing on June 6, 1995. In the week before the hearing, the Burnses twice asked for continuances because they did not have an attorney. Then on June 5, the afternoon before the hearing before the arbitrator, State Representative Senfronia Thompson faxed a Motion for Legislative Continuance to the arbitrator. Attached to the motion was an affidavit in which Representative Thompson averred she intended to participate actively in the presentation of the evidence of the cause and that she had not taken the case for purposes of delay. On June 6, the arbitrator held a hearing on the motion. Representative Thompson was represented by another attorney. The arbitrator denied the motion for a legislative continuance and conducted a hearing on the merits. On June 30, the arbitrator issued an award in favor of First Interstate.

First Interstate then filed a motion to confirm the arbitration award in district court. In response, the Burnses filed a "counterclaim" to vacate the award. The Burnses alleged various procedural defects in the arbitration proceedings, including the arbitrator's failure to grant them a legislative continuance. After a hearing, the district court granted the Burnses' motion. In its order dated March 29, 1996, the district court vacated the arbitration award without prejudice to either party and denied all other requested relief.

First Interstate chose not to simply set the matter for another arbitration hearing and instead now appeals by four points of error, contending the trial court erred in vacating the award because: (1) the legislative continuance statute does not apply to private arbitration proceedings; (2) even if it does, the statute did not apply in this case because the legislature was not in session when Representative Thompson requested the continuance or when the arbitration hearing was

scheduled; (3) the statute did not apply in this case because Representative Thompson did not properly make an appearance in the arbitration proceeding; and (4) the arbitrator had the discretion to decide whether a continuance was warranted and the denial of the continuance was not an abuse of discretion.

## DISCUSSION

■ The legislative continuance statute allows parties represented by attorneys who are members of the state legislature to obtain continuances under certain circumstances. *See* Tex. Civ. Prac. & Rem.Code Ann. § 30.003. To obtain a continuance, the legislator must present an affidavit to the adjudicating tribunal stating he or she intends to participate actively in the case and has not taken the case for purposes of delay. § 30.003(d), (e). The tribunal *must* grant the continuance unless the party employed the legislator within ten days of trial on the merits or unless a continuance would interfere with a party's due process rights. § 30.003(b), (c). *Waites v. Sondock,* 561 S.W.2d 772, 776 (Tex.1977). Under those circumstances, the tribunal has the discretion to deny a continuance. § 30.003(b), (c). *Waites,* 561 S.W.2d at 776.

■ In point of error one, First Interstate argues the trial court erred in concluding the legislative continuance statute applies to arbitration proceedings. The statute applies to:

> any criminal or civil suit, including matters of probate, *and to any matters ancillary to the suit that require action by or the attendance of an attorney,* including appeals but excluding temporary restraining orders.

§ 30.003(a) (emphasis added). First Interstate does not contend that arbitration proceedings do not require the attendance of an attorney. The issue turns, therefore, on whether the arbitration proceeding was ancillary to the district court proceeding.

The arbitration proceeding was unquestionably ancillary to the district court proceeding. The district court case involved First Interstate's attempt to recover the outstanding balance on the loan. The issue to be arbitrated, the amount of the outstanding balance, was integrally related to and grew out of the district court case. We hold the legislative continuance statute applied to the arbitration proceeding. Accordingly, we overrule point of error one.

In its second point of error, First Interstate alternatively argues the trial court erred in applying the legislative continuance statute because the legislature was not in session on the date of the hearing or when Representative Thompson requested the continuance.[1] The statute provides:

> Except as provided in subsection (c) [concerning employment within ten days of trial], at any time within 30 days of a date when the legislature is to be in session, at any time during a legislative session, or when the legislature sits as a constitutional convention, the court on application shall continue a case in which a party applying for the continuance or the attorney for that party is a member of the legislature *and will be or is attending a legislative session.* The court shall continue the case until 30 days after the date on which the legislature adjourns.

§ 30.003(b) (emphasis added). First Interstate interprets the italicized language as requiring the legislator to be attending session when he or she requests a continuance and as requiring the hearing date to fall within the dates of the legislative session.

■ We do not interpret the statute as imposing either requirement. The italicized language modifies only the type of case eligible for continuance. That is, a case may be continued *if* the party applying for the continuance is represented by an attorney who (1) is a member of the legislature and (2) will participate or does participate in the session. Nothing in the statute requires that the hearing date to be continued fall within the dates of the legislative session. In fact, the statute clearly contemplates reprieving legislators from settings for thirty days beyond the legislative session. *See id.* Consequently, that the hearing was set for a date after

---

1. The parties agree that the legislative session adjourned six days before Representative Thomp-

son requested her continuance and seven days before the hearing was to occur.

the legislature had adjourned does not render the statute inapplicable.

■ Furthermore, the italicized language does not concern when a legislator may *apply* for a continuance. The language that explains when a legislator may apply for a continuance appears near the beginning of the sentence. Specifically, we refer to the words "at any time within 30 days of a date when the legislature is to be in session, at any time during a legislative session, or when the legislature sits as a constitutional convention...." We interpret those words as evincing the legislature's intent to create a window of time that begins thirty days before session and ends thirty days after session in which a legislator may seek a continuance. The second sentence of the subsection bolsters our conclusion. Therefore, that the legislature adjourned six days before Representative Thompson sought the continuance in this case does not render the statute inapplicable.

First Interstate cites *Casarez v. State*, 683 S.W.2d 20 (Tex.App.—Waco 1984, pet. ref'd), for support. In *Casarez*, the legislator requested a continuance three days after the legislative session adjourned. *See Casarez*, 683 S.W.2d at 20. The court in *Casarez* upheld the denial of a legislative continuance because the legislator's affidavit did not state he was or would be in actual attendance of a legislative session. The court relied upon *Cuellar v. State*, 521 S.W.2d 277 (Tex.Crim. App.1975), in which the court of criminal appeals interpreted a previous version of the statute to require such information in an affidavit. *See Cuellar*, 521 S.W.2d at 279.

Both *Casarez* and *Cuellar* are distinguishable. They concern previous versions of the legislative continuance statute that expressly required the legislator to aver he or she was or would be in actual attendance of a session. *See* Act of May 28, 1973, 63rd Leg., R.S., ch. 428, § 1, 1973 Tex. Gen. Laws 1130 (Tex.Rev. Civ. Stat. Ann. art. 2168a, since amended and codified at Tex. Civ. Prac. & Rem.Code Ann. § 30.003); *Cuellar*, 521 S.W.2d at 279. The current version of the legislative continuance statute does not require the affidavit to contain that information. We presume the legislature changed the statute for a reason and

we interpret the current version of the statute as discussed above. Accordingly, we overrule First Interstate's second point of error.

In point of error three, First Interstate argues the trial court erred in applying the legislative continuance statute because Representative Thompson did not appear in the arbitration proceeding in accordance with the applicable arbitration rules. The parties agreed to arbitrate in accordance with the rules of the American Arbitration Association (AAA), which include the following rule:

> Representation. Any party may be represented by counsel or other authorized representative. A party intending to be so represented shall notify the other party and the AAA of the name and address of the representative at least three days prior to the date set for the hearing at which that person is first to appear. When such a representative initiates an arbitration or responds for a party, notice is deemed to be given.

According to First Interstate, because Representative Thompson did not notify all parties three days before the hearing that she represented the Burnses, she could not have been their "attorney of record" and was ineligible to obtain a legislative continuance. We disagree.

The arbitration rule cited by First Interstate does not expressly prohibit a party from retaining or changing counsel within three days of the hearing or from seeking a legislative continuance. We, therefore, do not consider the arbitration rule to contradict the legislative continuance statute. We look only to the statute to determine whether Representative Thompson properly sought a continuance.

■ Nothing in the legislative continuance statute requires a legislator to make a formal appearance in the lawsuit before seeking and receiving a continuance. The statute sets out the only requirements for the legislator to obtain a continuance; that is, the legislator need only file an affidavit declaring (1) an intent to participate actively in the case and (2) that the legislator has not taken the case just to obtain a continuance.

§ 30.003(e). An affidavit containing the requisite information constitutes proof of the necessity of the continuance; the affidavit need not be corroborated. § 30.003(d). Because the statute did not require Representative Thompson to appear three days before the arbitration hearing in order to obtain a continuance, we overrule point of error three.

■ In its fourth and final point of error, First Interstate contends the trial court erred by vacating the arbitration award because Representative Thompson was retained within ten days of the hearing and, therefore, the arbitrator had discretion to deny the continuance. First Interstate relies upon subsection (c) of the statute, which allows the tribunal discretion to grant or deny a continuance if the attorney was employed within ten days before the date on which the lawsuit is set for *trial.* § 30.003(c). A continuance is otherwise mandatory. § 30.003(b). The Burnses did not hire Representative Thompson within ten days before *trial;* they hired her within ten days before the *arbitration hearing.* This case does not fall within the clear statutory exception awarding discretion to the decision-maker. We, therefore, decline to expand the exception and overrule point of error four.

### CONCLUSION

We believe the legislature has given clear direction: our citizen legislators are entitled to continuance of any "criminal or civil suit, including matters of probate, *and to any matters ancillary to the suit that require action by or the attendance of an attorney,* ... to a court case ... thirty days before, during, and after a legislative session." This entitlement is mandatory unless the legislator is employed within ten days of a trial on the merits. We believe that this clearly includes an arbitration proceeding.

Having overruled all four of First Interstate's points of error, we affirm the judgment of the trial court.